TOWN OF HINCKLEY v. KETTLE RIVER RAILROAD COMPANY.[1]

November 11, 1897.

Nos. 10,735—(100).

Service of Summons — Domestic Corporations with no Local Officers—Service on Secretary of State.
  G. S. 1894, § 5203, providing for the service of process on domestic corporations which have no officers in the state upon whom legal service can be made, *held* to be "due process of law" and valid.

Same—G. S. 1894, § 5203—Conclusiveness of Sheriff's Return.
  Conceding, without deciding, that the provision making the return of

[1] Reported in 72 N. W. 835.

the sheriff conclusive is invalid, yet this would not render invalid the remainder of the statute, or service made in accordance with its provisions.

### Same—Affidavit of Secretary of State.

The affidavit of the secretary of state considered, and *held* to show service in accordance with the provisions of the statute.

### Contract—Municipal Bonds in Aid of Railroad—Maintenance During Life of Charter—Abandonment of Railroad.

Where a municipality issues its bonds to aid in the construction of a railroad, the maintenance and operation of the road during the life of the railroad company, as fixed by its charter or articles of incorporation, is, by clear implication, either a condition of, or the consideration for, the grant of aid; and if, during that time, the company abandons the operation of its road, and tears up and removes the track, the municipality granting the aid has a cause of action against it on common law principles.

### Judgment by Default—Vacating.

*Held*, also, that upon the facts there was no error in the trial court's denying the application of the defendant to vacate a default judgment against it, and for leave to appear and answer.

Appeal by defendant from an order of the district court for Pine county, Crosby, J., denying a motion to vacate a judgment by default. Affirmed.

*C. Wellington* and *M. D. Grover*, for appellant.

G. S. 1894, § 5203, authorizing the service attempted to be made in this case, is unconstitutional. Statutes authorizing constructive and substituted service upon persons actually resident within a state where the proceeding is in personam and not in rem are unconstitutional and void. Bardwell v. Collins, 44 Minn. 97; Smith v. Hurd, 50 Minn. 503; Webster v. Reid, 11 How. 437; Cooper v. Reynolds, 10 Wall. 308; Pennoyer v. Neff, 95 U. S. 714; Lonkey v. Keyes, 21 Nev. 312.

The statute authorizing substituted service upon domestic corporations with non-resident officers is unconstitutional and void in so far as it makes the return of the sheriff conclusive evidence as to such non-residence. Statutes making tax titles conclusive evidence of the regularity and validity of anterior proceedings have been by reasoning applicable to the present controversy uniformly held void. Roth v. Gabbert, 123 Mo. 21; Larson v. Dickey, 39 Neb. 463;

Kelly v. Herrall, 20 Fed. 364; McCready v. Sexton, 29 Iowa, 356; Martin v. Cole, 38 Iowa, 141; Bannon v. Burnes, 39 Fed. 892; Murray v. Hoboken, 18 How. 272; Groesbeck v. Seeley, 13 Mich. 329; Case v. Dean, 16 Mich. 13; White v. Flynn, 23 Ind. 46; Smith v. Cleveland, 17 Wis. 556; Allen v. Armstrong, 16 Iowa, 508; Wantlan v. White, 19 Ind. 470; People v. Mitchell, 45 Barb. 208; Heffner v. Gunz, 29 Minn. 108; Morey v. Morey, 27 Minn. 265. Where a judgment is sought in personam upon constructive or substituted service, the summons and the return must each show strict compliance with every provision of the statute, otherwise the court is without jurisdiction. Savings v. Authier, 52 Minn. 98; Hanson v. Stocking, 35 Minn. 207; Lee v. O'Shaughnessy, 20 Minn. 157 (173).

A judgment by default against a defendant served by publication and not personally may be opened and the defendant allowed to answer within one year after notice of the entry of the judgment. Lord v. Hawkins, 39 Minn. 73; Welch v. Marks, 39 Minn. 481.

*J. F. Fitzpatrick* and *R. C. Saunders,* for respondent.

Corporations are not persons within the meaning of Bardwell v. Collins, 44 Minn. 97. The word "immediately" in the secretary's affidavit means at once, from his office, and the words "mailed to the Kettle River Railroad Company" means "deposited in the post office, directed to the Kettle River Railroad Company." National v. De Groot, 11 Jones & S. 341. The use of "immediately mailed" in the sheriff's return was proper, thus following the words of the statute. G. S. 1894, § 5203. The legislature affirmed the common law in making the sheriff's return upon a summons against a domestic corporation conclusive of the fact that no officer can be found upon whom service can be made. Shepherd v. Ware, 46 Minn. 174.

There is a presumption of the regularity of judicial proceedings which becomes conclusive after the lapse of time without objection being made. Murfree, Sheriffs, § 846; Kirby v. Gates, 71 Iowa, 100; Sander v. Harris, 59 Hun, 628. That the sheriff's return is conclusive of the facts which it recites is the undisputed doctrine in England. Barr v. Satchwell, 2 Strange, 813. And it is also the rule in most of the states. Murfree, Sheriffs (2d Ed.), § 868; Stewart v. Griswold, 134 Mass. 391; Hunter v. Stoneburner, 92 Ill. 75; Clark v. Shaw, 79 Ind. 164; Putnam v. Man, 3 Wend. 202.

Upon an appeal from an order denying its motion to open a judgment by default appellant cannot raise the question of the sufficiency of the complaint. 1 Freeman, Judgm. § 135; Cooper v. Reynolds, 10 Wall. 308, 316; Northern v. Crystal, 67 Minn. 131. It would have been an abuse of discretion to open up the judgment to let in an answer setting up a pretended defense, or to let in any defense, after the action of the receiver had proceeded to trial and verdict. St. Paul v. Dayton, 39 Minn. 315; Cutler v. Button, 51 Minn. 550.

MITCHELL, J.

The defendant, a domestic corporation, was organized for the purpose of constructing and operating a short railroad, about four miles long, within the limits of the plaintiff town, commencing at a point on the line of the St. Paul & Duluth railroad.

In 1886, the town, in pursuance of the provisions of Laws 1877, c. 106 (G. S. 1894, §§ 2771–2783), voted to issue to the defendant company its bonds to the amount of $12,000, bearing interest, to aid in the construction of the road. The road was completed and put in operation about January 1, 1888, and the bonds of the town to the amount voted delivered to the company. The defendant entirely ceased to operate the road about March 1, 1890, and in July, 1891, the rails, sleepers, switches, ties and other railroad appurtenances were taken up and carried away, and the road entirely vacated and abandoned. In 1894 the town commenced this action for the recovery of its bonds, or the value thereof, in case a return could not be obtained. Service of the summons was made on the defendant under the provisions of G. S. 1894, § 5203, and not otherwise. The defendant failed to appear in the action, and judgment was rendered against it on October 1, 1894, for $14,400, being the cash value of the bonds on May 1, 1890, with interest thereon from that date.

On November 30, 1896, the defendant gave notice of a motion to vacate and set aside the judgment, and for leave to answer, on the grounds: First, that the judgment was void, because the court had never acquired jurisdiction of it, no legal service of the summons having ever been made; and, second, that the judgment against the defendant was taken by its mistake, inadvertence, and excusable neglect. This appeal is from an order denying this motion.

Defendant's contentions in support of the first ground are: (1) That the act under which the service of the summons was attempted to be made is unconstitutional, because not due process of law; (2) that the proof of service shows that the provisions of the act were not complied with. G. S. 1894, § 5203, reads as follows:

"Whenever any corporation created by the laws of this state or late territory of Minnesota, does not have an officer in this state upon whom legal service of process can be made, of which the return of the sheriff shall be conclusive evidence, an action or proceeding against such corporation may be commenced in any county where the cause of action or proceeding may arise or said corporation may have property; and service may be made upon such corporation by depositing a copy of the summons, writ, or other process or citations, in any proceeding for the collection of unpaid personal property taxes, in the office of the secretary of state, which shall be taken, deemed and treated as personal service on such corporation: provided, that whenever any process, writ, or citation against or affecting any corporation aforesaid is served on the secretary of state, the same shall be by duplicate copies, one of which shall be filed in the office of said secretary of state, and the other by him immediately mailed, postage prepaid, to the office of the company, or to the president, secretary, or any director or officer of said corporation, as may appear or be ascertained by said secretary from the articles of incorporation on file in his office."

In support of their contention that this statute does not provide for due process of law, counsel for defendant rely greatly on Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315. But an examination of the opinion in that case will show that it is carefully guarded, and makes a clear distinction between defendants who are personally within the state, and can be found therein and personally served, and those who, although residents of the state, cannot be found and personally served, as, for example, where they have absconded therefrom, or kept themselves concealed therein, in order to avoid the service of process. All that was decided was that, as to the former, service merely by publication in actions in personam of a strictly judicial character, proceeding according to the course of the common law, was not due process of law; but it was expressly conceded that as to defendants who could not be found and served in person some other mode of service had, from the necessities of the case, always been recognized as "due process of law." We consider

this so well settled as not to require either discussion or the citation of authorities.

If. the mode of service provided for is, under the circumstances, reasonable and appropriate to the case, it is "due process of law," and, as to citizens and residents of the state, will give jurisdiction of the person, and support a personal judgment against them, although they were not served in person. Freeman, Judgm. § 127. There is no class of cases where there is greater necessity for, or propriety in, providing for some substitute for service in person than where domestic corporations have no officers who can be found in the state upon whom to make service of process; and we can conceive of no other form of service which would in such cases be more appropriate and more likely to communicate notice of the commencement of the action to the corporation than the one provided in this statute.

The feature of the statute which is most earnestly assailed by counsel is that which makes the return of the sheriff conclusive evidence that there were no officers of the corporation within the state upon whom legal service could be made. Conceding, without deciding, that in so far as it makes the sheriff's return conclusive this provision is invalid, this would not render the other provisions invalid or inoperative, or render void a service of process when made in accordance with the statute in a case falling within its provisions. We would simply cut down the operation of the obnoxious provision sufficiently to make it valid by holding that the return of the sheriff was only prima facie evidence of the fact therein stated.

Aside from the sheriff's return, the affidavits used on the motion abundantly showed that this case was within the purview of the statute. The defendant had entirely abandoned the business for which it was organized, and torn up and removed its railroad. It had neither office, officer, nor even employee anywhere along the line of its former road. It had no visible office in St. Paul, which, according to its articles of organization, was where its general office and principal place of business was to be kept. If it had any officers in the state, the public had no means of finding out who they were. The mere fact that the corporation might have within the state some officers on paper would not take the case out of the operation of the

statute if parties desiring to bring action against it had no means of finding out who they were. Upon the showing made, this defendant appears to have disappeared from public view as completely as if it had never existed.

2. The affidavit of the secretary of state is to the effect that two true duplicate copies of the summons were deposited in his office; that one of them was filed therein,

"And the other copy was immediately mailed postage prepaid by the secretary aforesaid [himself], to the Kettle River Railroad Company, that being as ascertained by said secretary to be the name of the defendant corporation named in said summons from the articles of incorporation on file in his office, and his best information, at St. Paul, Minnesota, the place of residence of said defendant corporation according to the best information of said secretary as appears from the records in his office."

We think this substantially complies with the requirements of the statute. Leaving out the parenthetical statements, the affidavit is that the affiant mailed the summons, postage prepaid, to the Kettle River Company at St. Paul, that being the place of residence of the company as appeared from the records in his office. The evident meaning and fair construction of this is, not that the affiant mailed the summons at St. Paul, but that he mailed it addressed to the defendant at St. Paul.

Where the statute provides that the copy of the summons shall be mailed "to the office of the company," it does not mean that it shall be addressed, "Office of the A. B. Company," but that it shall be addressed to the company at the place where its office is kept as appears from the record in the office of the secretary of state. The statute being valid, and the service being in accordance with its provisions, it follows that the court acquired jurisdiction of the defendant, and that the judgment against it is valid.

3. It only remains to consider whether the defendant made a showing entitling it to relief on the ground of mistake, inadvertence, or excusable neglect.

Giving to the affidavits on behalf of defendant their utmost effect, the most that could be claimed for them is that none of its officers knew of the commencement or pendency of this action until July 7, 1896, although it is a significant fact that there is no affidavit of

the person who they claim was president of the company in 1894. There is no attempt to excuse or explain this delay in making the motion for nearly five months after they discovered the existence of the judgment. There is no denial of the fact that the defendant had abandoned the business for which it was created, and removed its track, and had practically disappeared from public vision. All that is alleged on that matter is that there were officers within the state upon whom service might have been made had parties only known, or had the means of ascertaining, that such persons were officers of the corporation; but it is not alleged that these officers held themselves out as such, or that there were any reasonable means by which it could have been ascertained that they were officers.

Neither is there any sufficient showing of merits. The proposed answer of the defendant admits the issuing to it of the bonds of the plaintiff, its subsequent abandonment and removal of the railroad, substantially as alleged in the complaint. If it has any defense which it could prove under this answer, it must be purely technical, and not sufficiently meritorious to commend itself to the special favor of the courts.

It is urged that plaintiff had no cause of action whatever at common law, and that Laws 1893, c. 59 (G. S. 1894, §§ 2755–2758), cannot be made retroactive so as to create a cause of action against the defendant for past acts which were not actionable when committed. The latter proposition is undoubtedly correct, but we deny the correctness of the former.

The consideration for giving municipal aid to the construction of a railroad is not the mere building of the road, which in and of itself is of little or no benefit, but the benefits to result from the operation of the road after it is built. The doctrine is not to be tolerated for a moment that a railroad company may accept municipal aid, and then, the very next day after the construction of the road is completed, abandon its operation and tear up the track, without becoming liable in some kind of action to those who furnished the aid. The maintenance and operation of the road during the life of the company as fixed by its charter is, by clear implication, either a condition of, or the consideration for, the grant of aid; and the

abandonment and removal of its road by the corporation constitutes either a breach of the condition or a failure of consideration.

It is not necessary to decide which it is, for, in either view, the plaintiff would have a cause of action; and under the facts of this case the measure of recovery would be substantially the same. If the acts of the defendant are to be deemed a breach of the condition on which the aid was granted, then the plaintiff would be entitled to recover the whole of its bonds. If, on the other hand, the case is to be treated as one of failure of consideration, the abandonment and removal of the road so soon after its construction amounted practically to a total failure of consideration. If the plaintiff had no cause of action whatever against the defendant, its application to be relieved from its default would commend itself to the more favorable consideration of the courts, but they would not be inclined, under the circumstances of this case, to relieve it merely because the judgment may be slightly larger than it ought to have been.

It is suggested that the plaintiff, in its complaint, bases its right of recovery entirely upon the act of 1893, and not upon any common-law right of action. The pleader seems to have had that act in mind, but that fact is wholly immaterial if, as the fact is, the complaint states a cause of action on common-law principles.

Order affirmed.