CLEARWATER MERCANTILE COMPANY, A CORPORATION, PLAINTIFF IN ERROR, v. ROBERTS, JOHNSON, RAND SHOE COMPANY, A CORPORATION, DEFENDANT IN ERROR.

1. A personal judgment against a domestic corporation, based upon service by publication as provided in section 1024 Revised Statutes is not void.

2. Service by publication upon a domestic corporation, which has failed to provide officers or agents upon whom other service may be had, constitutes "due process of law."

This case was decided by Division A.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*F. M. Simonton,* for Plaintiff in Error.

*Donald C. McMullen,* for Defendant in Error.

VOL. 51, JANUARY TERM, 1906. 177

Clearwater Mercantile Co. v. Roberts et al.—Opinion of Court.

COCKRELL, J. This writ of error is prosecuted to review the denial of a motion to vacate a personal judgment against a domestic corporation consequent upon a default for want of appearance, the service having been made pursuant to section 1024 of the Revised Statutes. It is admitted that the provisions of the section were complied with strictly but it is insisted that the said section is unconstitutional, in that it authorizes a personal judgment without personal service and therefore does not constitute due process of law.

The statute originally enacted in 1853, Chapter 539, sec. 1, and brought forward in the Revised Statutes of 1892, reads:

"1024. Service upon domestic corporation in the absence of officers or agents.—When process against any corporation of this State cannot be served owing to the failure of said corporation to elect officers or appoint agents, their absence from the State for the period of six months before the issuing of said writ, or because they are unknown, it shall be the duty of the officers to return said writ, with the causes of his inability to serve the same, and upon the return of said writ as aforesaid, the judge of the court from which the same shall have issued shall make an order at any time, setting forth the names of the parties, the nature of the action, suit of other proceeding, the court in which the same has been instituted, and requiring the said corporation to appear and defend the said action, suit or other proceeding, and the publication of said order once a week for the space of two months in some newspaper published in the county in which said action, suit or other proceeding shall be instituted, shall be a full and sufficient notification to the said corporation of the institution of said action, suit or other proceeding. However no judgment by default

or decree *pro confesso* shall be taken or rendered against said corporation until due proof shall have been made of the publication of said order, as hereinbefore provided."

The transcript before us is scant but we feel safe in holding that the plaintiff in error, now attacking this statute, was created by the authority of the State subsequent to 1853, and received its charter subject to all valid general laws applicable to domestic corporations.

It may be remarked incidentally that no contention is made that notice of the institution of the action was not actually received nor that the venue was improperly laid in a county other than the one in which under its charter the principal office of the corporation was located.

Assuming then these conditions was it competent in the legislature to provide as to a domestic corporation, when it fails to put forth officers or agents upon whom service may be made, that by reason of such failure it shall be brought into court by publication, with proper precautions as to the ascertainment of the essential facts by the court in advance of any judgment? We answer in the affirmative.

We are dealing not with natural persons, who create the governments, but with the fictitious entities, called corporations, which are created by the government, deriving therefrom their very existence, with such limitations as the creating power may impose, except only such limitations as may be expressly or by clear implications forbidden by its organic law or by the federal authority.

No provision of the State Constitution is pointed out to us that inhibits such *limitations* nor do we think that the due process clause of the federal constitution is thereby violated. The great case of Pennoyer v. Neff, 95 U. S. 715, expressly disclaims an intention to apply the principles there enunciated to the conditions before us,

and while we entertain a high respect for the justice pro-
nouncing the opinion in the case of Bernhardt v. Brown,.
118 N. C. 700, 24 S. E. Rep. 527, and may agree to the
result therein reached, yet much of the reasoning is inap-
plicable to the case before us and the principle controll-
ing us—that is the power of the State over its own
creatures, is not discussed in the cited opinion. See note·
on this case in 50 L. R. A. p. 586.

To say in the instant case that no property of the·
corporation may be found within the State upon which.
an execution may attach, means only that the judgment
may be futile not that it is void, and the statute confers:
upon the creditor the privilege of accepting that chance·
as to a domestic corporation which can hold property
only by the will of the State.

Strictly speaking there can be no personal service upon
a corporation, but only such constructive or substituted
service as the law may provide. It is not unusual to pro-
vide as to certain kinds of non-resident corporations, that
they may come into a  State only  on condition  that
service of process upon some State officer shall bind
them personally; and we do not recall any decision hold-
ing that such service does not constitute due process of
law. Generally service is made upon the principal officer·
of a corporation who may be found; this is constructive·
service strictly speaking, yet upon such service personal
judgments are daily rendered. The fundamental object
of all laws relating to service of process is to give that
notice which will in the nature of things most likely bring
the attention of the corporation to commencement of the
proceedings against it and when legislation carries out
this clear design it should not be stricken down by the
courts.

A case directly in point is Town of Hinckley v. Kettle River R. Co., 70 Minn. 105, 72 N. W. Rep. 835. See, also, Continental National Bank of Boston v. Thurber, 74 Hun. 632, affirmed in 143 N. Y. 648.

The judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.