## LARS R. NELSON

*v.*

## THE CHICAGO, BURLINGTON AND QUINCY RAILROAD CO.

*Opinion filed December 22, 1906—Rehearing denied Feb. 12, 1907.*

1. PROCESS—*power of legislature to provide for constructive service on residents of State.* The legislature has power to provide for a constructive service of process by publication and mail in lieu of actual service, in a case where process cannot be actually served upon the defendant in the county where the statute expressly authorizes the suit to be begun, even though the defendant resides in and is in the State.

2. SAME—*when personal judgment against resident may be rendered on constructive service.* A personal judgment in an action at law may be rendered against a defendant residing in this State and who is within its borders, upon constructive service of process, where the manner of such service is such that it is reasonably probable the defendant will receive notice of the pendency of the suit before judgment is rendered against him.

3. RAILROADS—*when constructive service is authorized on railroad having principal office in this State.* Section 4 (paragraph 5) of the Practice act and sections 12 and 13 of the Chancery act authorize service by publication and mail in an action on the case against a railroad company whose principal office is located in Illinois but outside of the county where the injury occurred and where the suit is brought, where the sheriff makes return upon the summons that the defendant has no officer or agent in such county upon whom process can be served.

4. CONSTITUTIONAL LAW—*when provision for service by publication is due process of law.* The constructive service of process provided for in section 4 (paragraph 5) of the Practice act, in connection with sections 12 and 13 of the Chancery act, upon a railroad company having its principal office in Illinois, but which, as shown by the return of the sheriff on the summons, has no officer or agent in the county where the suit is brought upon whom process can be served, constitutes "due process of law," within the meaning of the constitution.

APPEAL from the Circuit Court of Kane county; the Hon. CHARLES A. BISHOP, Judge, presiding.

MURPHY, ALSCHULER & CLYNE, for appellant:

The service in this case is what in common law was called "substituted or constructive service," and was recognized where personal service could not be had. Certain decisions style it "actual service." 1 Freeman on Judgments, (4th ed.) sec. 127; 1 Daniell's Ch. Pl. 512; Blackstone's Com. book 3, pp. 283, 444; *Buchanan* v. *Rucker,* 9 East. 194; *Sturgis* v. *Fay,* 79 Am. Dec. 442.

The validity of the service as provided by the Illinois statutes is recognized by the courts of Illinois. *Accident Co.* v. *Riel,* 38 Ill. App. 425; *Smith* v. *Smith,* 17 Ill. 484; *Welch* v. *Sykes,* 3 Gilm. 201; *Bimeler* v. *Dawson,* 4 Scam. 543; *Coal Co.* v. *Hughes,* 45 Ill. App. 569; *Cloyd* v. *Trotter,* 118 Ill. 395; *Bickerdike* v. *Allen,* 157 id. 95; *Railroad Co.* v. *Weber,* 219 id. 388.

It is within the power of the State to provide for any kind of service that may give the defendant notice and an opportunity to defend. *Campbell* v. *Evans,* 45 N. Y. 356; *Accident Co.* v. *Riel,* 38 Ill. App. 425; *Welch* v. *Sykes,* 3 Gilm. 201; *Bimeler* v. *Dawson,* 4 Scam. 543; *Smith* v. *Smith,* 17 Ill. 484.

Service as had in this case is constitutional and constitutes due process of law, (*In re Empire City Bank,* 18 N. Y. 216,) and will support a judgment *in personam. Moyer* v. *Bucks,* 16 L. R. A. 232; *Beard* v. *Beard,* 21 Ind. 327; *Martin* v. *Burns,* 16 S. W. Rep. 1073; *Biesenthall* v. *Williams,* 85 Am. Dec. 631; *Nations* v. *Johnson,* 65 U. S. 207.

HOPKINS, PEFFERS & HOPKINS, for appellee:

Notification by publication, as mentioned in section 4 of the Practice act, is to be "in like manner and with like effect" as provided in sections 12 and 13 of the Chancery act. No personal decree or judgment can be rendered on service by publication under sections 12 and 13 of the Chancery act. The case at bar is a personal action for damages upon the ground of negligence. The court would acquire no jurisdic-

tion over the person of the defendant company by service by publication. *Virden* v. *Needles,* 98 Ill. 366.

Statutes in derogation of the common law are strictly construed. *White* v. *Primm,* 36 Ill. 416; *Bank of Commerce* v. *McCrea,* 106 id. 281; *Porter* v. *Dement,* 35 id. 478.

Service by publication where a defendant is still within the State and does not conceal himself or evade process does not give jurisdiction over the person and does not constitute due process of law, and is in violation of section 2 of article 2 of the constitution of the State of Illinois, and of section 1 of article 14 of the amendments to the constitution of the United States, as well as the fifth amendment to the constitution of the United States. *Bardwell* v. *Collins,* 9 L. R. A. 152; *Bernhardt* v. *Brown,* 118 N. C. 700; 119 id. 506; *Pinney* v. *Investment Co.* 106 Wis. 396; *Ohio* v. *Gulbert,* 38 L. R. A. 519.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellant, Lars R. Nelson, on the 21st day of April, 1906, filed a *præcipe* in the office of the clerk of the circuit court of Kane county for a summons in an action on the case against the Chicago, Burlington and Quincy Railway Company, an Iowa corporation, and the Chicago, Burlington and Quincy Railroad Company, an Illinois corporation. A summons was issued against both companies and delivered to the sheriff of said county to serve, which summons was returned by said sheriff not served as to the railroad company, because the president or any other of the officers or agents of said railroad company with whom the statute provides a copy of the summons may be left to effect service of process upon the company, could not be found by him in said county. The *præcipe* and summons were then amended and the case discontinued as to the railway company and the railroad company was served with process by publication and mail, as in chancery cases, as is authorized by paragraph 5

of the Practice act, (Hurd's Stat. 1905, chap. 110,) and a declaration was filed against the railroad company.

It appears from the affidavit for publication and the declaration that said railroad company, at the time of the alleged injury, was the owner of a line of railway extending into and through Kane county, which line the said railroad company had leased to said railway company, and that the appellant was injured in the city of Aurora, in Kane county, by the negligence of the said railway company while operating the said railway line, and that the principal place of business of the railroad company was in Chicago, Cook county, Illinois. The railroad company entered a special appearance and moved to quash the service of process had upon it by publication and mail, which motion was sustained, and the appellant electing to stand by the service of process and refusing to proceed further, the court dismissed the suit, and the appellant has prosecuted this appeal.

It is first contended by the railroad company that paragraph 5 of the Practice act does not authorize service of process by publication and mail upon a defendant railroad company that has its principal office in this State, in a cause where the object of the suit is to obtain a judgment *in personam* against the railroad company; and secondly, if service of process by publication and mail is authorized by said paragraph 5 upon a defendant railroad company that has its principal office in this State in a suit where a judgment *in personam* is sought against the railroad company, the statute is unconstitutional and void, as such service of process, it is said, does not constitute due process of law.

Paragraph 2 of the Practice act provides actions against a railroad company may be brought in the county where its principal office is located, or in the county where the cause of action accrued, or in any county into or through which its road may run; and paragraph 5 of the same act provides an incorporated company may be served with process by leaving a copy of the process with its president, if he can

be found in the county in which the suit is brought, and if
he shall not be found in the county, then by leaving a copy
of the process with any clerk, secretary, superintendent,
general agent, cashier, principal, director, engineer, con-
ductor, station agent or any agent of said company found
in the county, and in case the proper officer shall make re-
turn upon such process that he cannot in his county find the
president or any other officer or agent named in said statute
with whom it is provided a copy of the summons may be left
to effect service of process upon such incorporated company,
"then such company may be notified by publication and mail
in like manner and with like effect, as is provided in sections
twelve (12) and thirteen (13) of an act entitled 'An act to
regulate the practice in courts of chancery,' approved March
15, 1872;" and section 12 of the Chancery act provides for
the filing of an affidavit, the publication of a notice of the
pendency of the suit in a newspaper, and the mailing of a
copy of the notice published, within ten days from the date
of its first publication, to the defendant at his address stated
in the affidavit for publication; and section 13, that the no-
tice provided for in section 12 shall be published at least once
in each week for four successive weeks, and that no default
or proceeding shall be taken against a defendant not served
with summons and not appearing unless forty days shall
intervene between the first publication of said notice and the
first day of the term at which such default or proceeding is
proposed to be taken.

We are unable to discover from a reading of these sec-
tions of the statute why they are not broad enough in their
terms to include a case like this, or any other action at law
which may be brought against an incorporated railroad
company, where no officer or agent of the company is found
in the county where the suit is brought with whom a copy
of the summons can be left to effect service upon the rail-
road company, and where it appears the principal office of
the railroad company is located within the State of Illinois.

Sections 12 and 13 of the Chancery act clearly cover all chancery suits where service of process by publication and mail is permissible which may be brought against an incorporated railroad company, and we think they authorize the service of process by publication and mail in an action upon the case against an incorporated railroad company whose principal office is located in this State, outside the county in which the suit is brought, where the sheriff makes a return upon the summons that said railroad company has no officer or agent in the county where the suit is brought to whom a copy of the process can be delivered for the purpose of effecting service of process upon the railroad company. In *Chicago, Burlington and Quincy Railroad Co.* v. *Weber,* 219 Ill. 372, which was an action on the case, on page 390, it was said: "By section 1 of the Practice act railroad companies may be sued where the principal office is located or in any county through which the railroad runs, and by section 4 of the act, as we have already pointed out, service may be had in those counties where no agent or clerk or other person authorized by the statute to be served in such cases is kept, by publication in the same maner as in suits in chancery."

It is urged, however, that service of process by publication and mail can only be had, in chancery cases, where the affidavit for publication shows that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State so that process can not be served upon him; and it is said, as the affidavit for publication in this case shows the appellee is a resident of Cook county, in this State, service of process cannot be had upon it by publication and mail,—in other words, that the method pointed out in sections 12 and 13 of the Chancery act by which a defendant in chancery may be served with process by publication and mail applies only to non-resident defendants, and such defendants as have gone out of the State, or on due inquiry cannot be found, or who have concealed themselves so that process cannot be served upon

them.   If sections 12 and 13 of the Chancery act were con-
sidered alone, the contention of the appellee would be sound.
In determining the question now under consideration, how-
ever, we are forced to consider paragraphs 2 and 5 of the
Practice act in connection with sections 12 and 13 of the
Chancery act.   The first of those paragraphs provides that
an incorporated railroad company may be sued in any county
where its principal office is located, or in any county where
the cause of action accrued, or in any county into or through
which its road may run.   The appellant was injured in Kane
county and the road of the appellee runs into and through
Kane county.   The appellant was therefore authorized to
bring his suit in Kane county.   It is also provided by said
paragraph 5, if the officer makes a return that he cannot find
the president or any officer or agent of the railroad company
in the county where the suit is brought with whom he is
authorized to leave a copy of the summons to effect service,
then service of process may be had upon the company by
publication and mail in like manner and with like effect as
is provided in the Chancery act.   The officer in this case did
make a return that he could not find the president or any
officer or agent of the appellee in Kane county with whom
he was authorized to leave a copy of the summons, and that
in consequence of such failure he returned the summons not
served.   The appellant has therefore brought himself clearly
within the language of that paragraph of the Practice act,
and those provisions of the Chancery act which provide that
the affidavit for publication shall show that the defendant
does not reside in or has gone out of the State, or upon due
inquiry cannot be found, or conceals himself so that process
cannot be served upon him, do not apply to a case like this.
The only condition precedent to the right to obtain service
of process by publication and mail in case the railroad com-
pany has no officer or agent in the county where the suit was
brought with whom a copy of the summons can be left to
effect service of process is, that the officer shall make a return

showing his inability to find an officer or agent of the company in the county where the suit is brought with whom he is authorized to leave a copy of the summons to effect service of process upon the company.

It is also said that in chancery cases a personal judgment cannot be based upon service of process by publication and mail, (*Town of Virden* v. *Needles,* 98 Ill. 366,) and as the statute provides a railroad company that has no officer or agent in the county in which the suit is brought with whom a copy of the summons may be left may be served with process by publication and mail *with like effect* as is provided in sections 12 and 13 of the Chancery act, and as there can be no personal judgment based upon a summons by publication and mail in a chancery suit, and the service of process in this case was made with a view to obtain a personal judgment against the appellee, the service of process by publication and mail was properly quashed. Paragraph 5 of the Practice act contains no exceptions, but applies with equal force to a case against an incorporated railroad company whether the object of the suit is to obtain a judgment *in personam* or the proceeding is *in rem,* and if the service of process by publication and mail in a case like the one at bar, where the object of the suit is to obtain a personal judgment, is valid, then the service of process here is good. To give to the words "with like effect," found in section 5 of the Practice act, the construction contended for by the appellee, would be to hold that while the sections of the statute above referred to, when considered together, authorize a defendant railroad company situated like the appellee company to be served with process by publication and mail, yet after it is thus served the court is powerless to render a judgment against such railroad company, which construction would nullify those sections of the statute when applied to a case like this. We are clearly of the opinion the statute is broad enough to cover a case like the one at bar if the legislature has power to authorize service in such case in

that manner.   If, however, under no circumstances a personal judgment in an action at law like this can be based upon a service of process by publication and mail, then the service of process here was bad and was properly quashed,— which brings us to a consideration of the appellee's second proposition.

The law provides for two methods of service of process: the one actual and the other constructive.   Actual service of process is made by reading the original process to the defendant or by delivering to him a copy thereof;  and constructive service of process, which is a substituted service of process, is made by leaving a copy of the process at the defendant's residence when he is absent, or by posting or publishing notice of the pendency of the suit and mailing a copy of the notice posted or published to the defendant, if his post-office address is known.   It is held that the service of process, either actual or constructive, upon a non-resident defendant outside the limits of the State. where the action or proceeding is pending will not authorize the rendition of a personal judgment or decree against a defendant, but that such service of process is sufficient upon which to base a decree changing the marital status in a proceeding for divorce, or a judgment or decree disposing of property situated within the jurisdiction of the court wherein the action or proceeding is pending.   It is also held that each State may determine for itself in what method process may be served upon its citizens within its own boundaries, and while such legislation will have no force outside the State, service of process within the State in the manner pointed out in the statute regulating the method of obtaining such constructive service of process, if the method of service of process provided for is such as to amount to due process of law, as these terms are used in the State and Federal constitutions, will be sufficient to authorize the courts of the State within whose jurisdiction the service of process is had to pronounce a personal judgment or decree against a defendant so served with

process, although cases may arise in practice upon such constructive service of process where a personal judgment or decree might be obtained against a defendant without such defendant having received actual notice of the pendency of the action prior to judgment or decree. Constructive service of process, it is said, is authorized in a certain class of cases, such as when the defendant has gone out of the State, or when he cannot be found, or when he conceals himself so that process cannot be served upon him, as the result of necessity,—that is, such constructive service of process is substituted for actual service of process when actual service of process cannot be had upon a defendant. In this case actual service could not be had upon the defendant although the suit was properly brought in the court from which the process was issued and the defendant was a resident of and was in the State, and the question here is narrowed to this: can the legislature provide a constructive or substituted service of process by publication and mail, in lieu of actual service of process, in a case where the process cannot be actually served upon the defendant in the county where the statute expressly authorizes the suit to be commenced, although the defendant resides and is in the State?

The case of *Bimeler* v. *Dawson,* 4 Scam. 536, was an action of debt upon a judgment rendered by the court of common pleas of Stark county, in the State of Ohio, against Welch & Dawson. There was service of process upon Dawson only, and he pleaded *nul tiel record* and that he was not personally served with process. The record showed personal service upon Welch and service on Dawson by leaving a copy of the summons at his residence, and the rendition of a judgment by default against both defendants. The trial court held that for want of personal service upon Dawson the judgment was not evidence of indebtedness against him, and rendered judgment in his favor. Upon an appeal to this court the judgment was reversed, and in an opinion prepared by Justice TREAT, on page 542, it was said: "The

laws of the several States provide different modes of bring-
ing parties into court.    In some States personal service of
process is required, while in other States that mode is not
indispensable, but a party may be required to appear and
defend an action on notice by publication or by the leaving
of·process at his residence.    It is doubtless competent for
each State to adopt its own regulations in this respect, which
will be binding and obligatory on its own citizens.    We can
not doubt the right or power of the State of Ohio to provide
that the kind of service which it appears was made in this
case shall be sufficient to authorize its courts to take juris-
diction of the person of a defendant and proceed to hear
the case and render judgment.    A judgment thus rendered
against one of its citizens would be binding and conclusive
on him, for, owing allegiance to the State, he is bound by
its law and amenable to its judicial tribunals.    That State,
however, cannot in that way get jurisdiction over the people
of other States.    Its laws can only operate within its own
territory and on its own citizens.    They cannot be made to
operate extra-territorially, or on the citizens of other States
unless they go voluntarily within its limits."

And in *Welch* v. *Sykes,* 3 Gilm. 197, on page 201, it was
said: "It is competent for each State to prescribe the mode
for bringing parties before its courts.    Although its regula-
tions in this respect can have no extra-territorial operation,
they are nevertheless binding on its own citizens."

And in *Smith* v. *Smith,* 17 Ill. 482, on page 484, it was
said: "A State may undoubtedly provide for bringing its
own citizens or subjects before its tribunals by constructive
notice, which may not in all cases come to the actual knowl-
edge of the party; still the presumption is that he has actual
notice, or might have such notice by the exercise of proper
care and diligence."

The case of *Bickerdike* v. *Allen,* 157 Ill. 95, was a cred-
itor's bill based upon a judgment which had been revived
by *scire facias* upon the service of process by publication and

mail, and the contention was made that the judgment was not properly revived upon such service, as it was said the service of process did not constitute due process of law. The court below entered a decree overruling the contention of the defendant, and upon appeal to this court the distinction between the effect of service of process by publication and mail, heretofore referred to, upon a resident and a non-resident defendant, was pointed out by the court, and it was. held that if section 26 of the Practice act was so construed as to apply to a non-resident judgment creditor, it would, as to such creditor, be unconstitutional. The act, however, was sustained as to resident judgment creditors, and it was held that while a statute which authorized the revival of a judgment by *scire facias* upon service of process by publication alone would be invalid, as not constituting due process of law, the paragraph of the statute under consideration, which provided for service of process by both publication and mail as to a resident judgment creditor, was due process of law and valid. The court, on page 102, said: "This statute does something more than require the publication of the notice; it requires a copy of the notice to be sent by mail, addressed to the defendant whose place of residence is stated in the affidavit.  *  *  *  Hence we are inclined to think that section 26, taken in connection with section 12 of the Chancery act, is a constitutional enactment so far as it provides for service by publication of notice and mailing of copy thereof to residents of the State whose residence is stated in the affidavit."

What is due process of law in all instances is not easily defined, but as applied to this case it clearly means proceeding according to the course of the common law, and the common law has from time immemorial required that a defendant be personally notified of the pendency of an action, if he was within the jurisdiction of the court and could be found, before judgment or decree was rendered against him. The common law, however, never required actual service of

process in all cases, but has always provided for a constructive service of process when actual service thereof could not be had, such as the leaving of a copy of a summons at the defendant's residence, and latterly a posting or publishing of notice of the pendency of the suit or proceeding, when the defendant was out of the State or upon due inquiry could not be found, or when he concealed himself so that process could not be served upon him.

In *Bardwell* v. *Anderson,* 9 L. R. A. 152, the Supreme Court of Minnesota said (p. 154) : "We think that from the earliest period of English jurisprudence down to the present, as well as in the jurisprudence of the United States derived from that of England, it has always been considered a cardinal and fundamental principle that in actions *in personam* proceeding according to the course of the common law, personal service (or its equivalent, as by leaving a copy at his usual place of abode,) of the writ, process or summons must be made on all defendants resident and to be found within the jurisdiction of the court. We do not mean that the term 'proceeding according to the course of the common law,' as used in the books, is to be understood as meaning, necessarily and always, personal or actual service of process, for although service by publication is of modern origin, there has always been some mode by which jurisdiction has been obtained at common law by something amounting to or equivalent to constructive service, where the defendant could not be found and served personally; but what we do mean to assert is, that the right to resort to such constructive or substituted service in personal actions proceeding according to the course of the common law rests upon the necessities of the case, and has always been limited and restricted to cases where personal service could not be made because the defendant was a non-resident, or had absconded, or had concealed himself for the purpose of avoiding service. As showing what means were resorted to as amounting or equivalent to constructive service, and how strictly it was

limited to cases of necessity by both courts of common law and courts of chancery, reference need only be had to 3 Blackstone's Com. 283, 444."

While the authorities are not in entire harmony upon the subject, the Illinois cases and the greater weight of authority clearly establish, we think, the proposition that a personal judgment in an action at law may be rendered against a defendant residing in and who is in the State where the suit or proceeding is pending, who has been notified of the pendency of the suit by constructive service of process, where it appears actual service of process could not be had upon the defendant, if the constructive service provided for was required to be had in such manner that the reasonable probabilities were that the defendant would receive notice of the pending action or proceeding before judgment or decree was rendered against him.

A full discussion of the subject of the right of a court to render a personal judgment or decree against a defendant upon constructive service of process will be found in an exhaustive note to the case of *Pinney* v. *Providence Loan and Investment Co.* (Wis.) 50 L. R. A. 577. The learned author, on page 584, says: "As is shown by the cases cited in the preceding subdivision, the court cannot acquire jurisdiction, by constructive or substituted service of process, to render a personal judgment against a non-resident defendant who does not appear, unless he can be deemed to have assented to such mode of service; but the rule is otherwise with respect to resident defendants,—at least if they are within the State at the time of the attempted service. The manner of serving process must necessarily be regulated by every country for itself, and if a State permits process to be served upon one of its own citizens by the leaving of it, in his absence, at his domicil with an adult member of his household, that method of service is not so repugnant to the principles of natural justice that a foreign tribunal should refuse to recognize it and treat a sentence founded on it as

a nullity. * * * The following cases expressly hold that it is competent for the legislature to authorize personal judgments against residents of the State upon constructive or substituted service of process, under proper conditions: *Bètancourt v. Eberlin*, (1882,) 71 Ala. 461, (personal judgment in attachment) ; *Fleming v. West,* (1896,) 98 Ga. 778, 27 S. E. 157, (judgment for alimony) ; *Bimeler v. Dawson*, (1843,) 4 Scam. 536; 39 Am. Dec. 430; *Bickerdike v. Allen,* 157 Ill. 95; 29 L. R. A. 782; 41 N. E. 740; *Sturgis v. Fay,* (1861,) 16 Ind. 429; 79 Am. Dec. 440; *Beard v. Beard,* 21 Ind. 321, *(obiter); Weaver v. Boggs,* (1873,) 38 Md. 255, *(obiter); Harryman v. Roberts,* (1879,) 52 id. 65; *Continental Nat. Bank v. Thurber,* 74 Hun, 632; 26 N. Y. Sup. 956; affirmed by 143 N. Y. 648; 37 N. E. 828; *Northcraft v. Oliver,* (1889,) 74 Tex. 162; 11 S. W. 1121; *Hinckley v. Kettle River Railroad Co.* 70 Minn. 105; 72 N. W. 835."

We are of the opinion that the constructive service of process provided for in paragraph 5 of the Practice act, when taken in connection with sections 12 and 13 of the Chancery act, constitutes due process of law when it appears, as it must before such service can be had, by the return of the officer, that the incorporated railroad company against which the suit is brought has no officer or agent in the county in which the suit is brought with whom a copy of the summons can be left to effect service upon the railroad company, and it further appears the principal office of the railroad company is in the State of Illinois.

The judgment of the circuit court will therefore be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*