STRAUB, Respondent, v. LYMAN LAND & INVESTMENT COMPANY, Appellant.

(138 N. W. 957.)

1. **Corporations—Service of Process Against—Notice to Officer Outside of State—"Due Process of Law."**

Under Code Civ. Proc., Sec. 110, providing for service of summons upon domestic corporations, held, that personal service had on a treasurer of such corporation in, and who resides in another state, gives sufficient notice of the pendency of the action, which is the fundamental principle involved in "due process of law;" that the purpose of the statute is to bring the corporation, not the non-resident officer, within the jurisdiction; and such service is sufficient to confer jurisdiction over the corporation.

2. **Corporations—Service on Domestic Corporations—Legislative Construction of Statute, Effect on Courts.**

Though Laws 1911, ch. 226, amends Sec. 110, Code Civ. Proc., by providing for service on domestic corporations by delivering copy to a designated officer of the corporation, "either within or without the state," and such amendment may be regarded as a legislative adoption of the principle adopted by this court as to what constitutes due process of law, such legislative declaration is not binding on the courts, which may determine that Sec. 110, before such amendment, authorized such service.

(Opinion filed Dec. 3, 1912. Rehearing granted Feb. 3, 1913.)

Appeal from Circuit Court, Lyman County.   Hon. WILLIAM WILLIAMSON, Judge.

Action by F. A. Straub against the Lyman Land & Investment Company.   From an order denying a motion to vacate a judgment against defendant, rendered upon service of process under Section 110, Code Civil Proc., before the enactment of the amendatory act of Laws 1911, Chap. 226, it appeals.   Affirmed.

. *Davis, Lyon & Gates,* for Appellant.

Jurisdiction of the court to render a personal judgment against the defendant was dependent upon a personal service of the summons or a voluntary appearance in the action by the defendant.   Such service or appearance alone constitutes due process of law, without which no valid judgment could be rendered against the defendant.   1 Bailey Jurisd., Sec. 30.

Due process of law under the Fourteenth amendment to the Constitution of the United States demands that, in order to bind the party by a personal judgment there must be personal service of process or appearance, and whenever it is made to appear in any proceeding that this prerequisite was not present, then it is, that it appears that the judgment is void.   Bailey on Jurisd., Sec. 146; Pennoyer v. Neff, 95 U. S. 714, 38 L. Ed. 565.

Where the object of the action is to determine the personal rights and obligations of the defendant, that. is, where the action is merely in personam, constructive service in any form upon a non-resident is insufficient for any purpose.   The jurisdiction of the court to inquire into and determine the obligations of the defendant at all, is only incident to the jurisdiction of the court.   Pennoyer v. Neff, supra.

The service of process is purely statutory, and is dependent upon complying strictly with the requirements of the statute. 1 Bailey on Jurisd., Sec. 31.

The statute relative to service of summons upon a domestic corporation, at the time of the pretended service in this action, provided for the delivery of a copy thereof, as follows:   Rev. C. C. P., Sec. 110.

This statute has no extraterritorial significance; it is only operative within the limits of the state.   Upon this subject we find the following language in the opinion in the case of Pennoyer v. Neff, supra:

It will not be seriously claimed that the statute authorized the service of the summons and complaint upon the defendant within the state of Iowa. It is urged as an excuse for such service that no officer of the defendant corporation, upon whom service could be made, could be found within this state. Even if this be true, it furnished no sufficient legal ground for the service, outside this state, and gave to such service no legal validity.

The Legislature, at its last session, being impressed with the necessity of a law authorizing such service, amended the statute by providing, in such case, for the service without the state; thus giving legislative construction to the insufficiency of the statute as then existing. Bernhardt v. Brown, (N. C.) 36 L. R. A. 402; Clearwater Merc. Co. v. Roberts, Johnson & Rand Shoe Co., (Fla.) 4 L. R. A. (N. S.) 117, 40 So. 436.

A contrary doctrine to that of the Florida case was held in the case of Bernhardt v. Brown, (N. C.) 36, L. R. A. 402, which held that service by publication authorized by the statute was void unless there was an attachment or seizure of property to form the basis of jurisdiction. See, also, Piney v. Providence Loan & Investment Co., 82 N. W. 308, 50 L. R. A. 577, and long note.

The attempt made by plaintiff's attorney to find an officer of the defendant corporation upon whom service could be made, as disclosed by the affidavit, was entirely insufficient to show "due diligence"; such affidavits are construed strictly, and, unless they show due diligence, a judgment founded upon such service is without any validity.

Even respondent's theory, that substituted service might be made upon a domestic corporation where none of its officers could be found within this state, must fail by reason of the insufficient effort on the part of the respondent to find such officer. Grigsby v. Wapschall, (S. D.) 127 N. W. 605.

And furthermore the defendant, being a domestic corporation, and there being no attachment of its property, substituted service could not be made under the provisions of section 112 of the Code of Civil Procedure.

James Brown, for Respondent.

At the time of the commencement of the action defendant was a domestic corporation, organized and doing business under

the laws of this state. From the facts set forth in the affidavit of M. A. Brown it is reasonable to infer that W. H. Pratt and H. R. Dennis were the only officers of the corporation resident in the state of South Dakota immediately prior to the commencement of the action, and that they each resigned with unseemly haste when it became apparent that plaintiff was about to resort to an action in court to recover the money he had paid. The only officer of the defendant who it appears did not resign was Charles Shade, who resided in the state of Iowa; and it was evidently supposed by the gentlemen conducting this corporation's affairs that they had ingeniously defeated any attempt to get into the courts, and successfully deprived plaintiff of any opportunity of redress.

The subject of this action was not real or personal property in this state in which the defendant claimed a lien or interest, nor did the relief demanded consist wholly or partly in excluding defendant from any interest or lien in such property, therefore service could not be made on the defendant by publication as provided by Chapter 119 of the Laws of 1903. Neither was the defendant a foreign corporation, nor had it (whatever its officers may have done), departed from the state with intent to defraud its creditors, or kept itself concealed therein with like intent, for a corporation has no soul, or mind, and therefore can form no intent (intent being "a quality or condition of the mind"), nor can it depart from the state, nor keep itself concealed therein. Therefore service by publication could not be had upon it under the provisions of section 112 of the Code of Civil Procedure.

Plaintiff's attorney, baffled in every attempt to find an officer, director, or representative of the defendant of any sort in the state of South Dakota to whom to deliver a copy of the summons and complaint, had such copy delivered to the treasurer of the defendant, Charles Shade, at his residence in the state of Iowa. Did this constitute such service on the defendant as would give the court jurisdiction to render the judgment given in the case? Defendant's sole contention is that the judgment is wholly void for lack of jurisdiction of the person of the defendant. It may be conceded that if the defendant was a natural person such service would be insufficient. Defendant, however, is not a

natural person; it is a fictitious person, or in the language of Marshall, C. J., in the Dartmouth College case, "an artificial being, invisible, intangible, and existing only in contemplation of law." It is a creature of the law of this state, a domestic corporation, and as such must have a locus or domicile in this state in the eye of the law. Even if all its officers leave the state, or those resident in the state resign, leaving in existence only officers resident in another state, still it remains a domestic corporation; it cannot take itself out of the jurisdiction as can a natural person.

Nor is it ever possible to secure personal service on a corporation, because the corporation as such can have no will or understanding to comprehend, no hand to receive process or papers. Service can only be made by bringing the process to the attention of some natural person designated by law to receive it on behalf of the corporation. In the very nature of the case there can only be constructive or substituted service of process on a corporation. This is so clearly put in the case of Clearwater Mercantile Company v. Roberts, Johnson & Rand Shoe Company, 4 L. R. A. (N. S.), 117, (Florida).

In this case, under the Florida statute providing that when the officer to whom process against a domestic corporation is delivered for service makes return that he is unable to find an officer or agent to whom it may be delivered, service may be made by publication in a newspaper, a judgment in personam was upheld on such a publication, and that, so far as appears from the opinion, or the statute quoted therein, without any copy of the process being mailed to the corporation. Certainly, personal delivery of a copy to one of the principal officers of the corporation outside of the state would be far more "likely to bring the attention of the corporation to the commencement of the proceedings against it" than would the mere publication of the summons or notice "in some newspaper published in the county in which the action, suit, or other proceeding shall be instituted," which is the only requirement of the Florida statute.

Any service on a corporation, therefore, being from its very nature, a substituted service, the legislature may provide whatever means it deems best adapted to bring the attention of the corporation to the fact that proceedings have been commenced

against it, and whenever such legislation is reasonably designed to accomplish that end, service made in accordance therewith constitutes due process of law.

This seems to be clear; service upon a corporation may be made by delivering a copy of the summons to any one of certain specified officers or agents.

The first part of sub-section 1 of sec. 110, Code Civ. Proc., contains no qualification or limitation as to the place where the copy shall be delivered. The second part imposes a qualification in respect to foreign corporations. If the foreign corporation has no property in this state and the cause of action did not arise therein, then service can only be made upon it by delivering a copy of the process within this state to the president, treasurer, secretary, or duly authorized agent of the corporation. This is simply saying in effect, that the foreign corporation, being a resident of the state or country in which it is incorporated, cannot be brought within the jurisdiction of the courts of this state, by service of process upon it outside of the state. But an entirely different question arises where a domestic corporation is concerned. The Legislature creating a corporation may make its creation conditioned upon its submission to the jurisdiction of the courts of the state, when served with process in any manner reasonably calculated to call its attention to the fact that an action has been commenced against it, and may prescribe that delivery of a copy of the process to an officer of the corporation, either within or without the state, shall be deemed personal service on the corporation within the jurisdiction, and that is exactly what the legislature of South Dakota has provided in the first part of subdivision 1 of section 110 of the Code of Civil Procedure, both as it stood before the enactment of laws of 1911, chapter 226, and as it stands since that enactment.

We dissent from the inference of counsel that laws of 1911, chapter 226, providing that service on a domestic corporation may be made by delivering a copy to the designated officer, either within or without the state, was giving legislative construction to the insufficiency of the statute as then existing. This amendment was clearly not needed to supply a casus omissus, for the language of the statute before the amendment authorized the same thing, but the amendment was evidently designed to make clear

beyond question to those members of the profession whose faculty of logical analysis was inadequately developed, the true meaning of the statute as already existing.

Nor does this view do violence either to the theory of corporation status or to the settled law that service within the jurisdiction is necessary to sustain a judgment in personam. On the contrary, it is in direct accord therewith, keeping in mind the fact that a corporation is an artificial person, a creature of the law. The corporation as such, being a domestic corporation, cannot get outside the jurisdiction. Its officers are separate and distinct persons from it, in the eye of the law; and no matter if all of them, and all of its agents and stockholders as well, should remove from the state, the corporation itself would still remain within the jurisdiction, and the corporation being within the jurisdiction, it makes no difference where the officer specified in subdivision 1 of section 110 of the Code of Civil Procedure may be.

To hold that the statute as it stood when this action was commenced authorized the service we contend for is not giving to it any extra-territorial significance, or extending the process of the court beyond the territorial limits of the state within which it is established. We are not seeking to bring Charles Shade, the non-resident treasurer, within the jurisdiction of the court; but to bring the Lyman Land and Investment Company, the resident corporation, within that jurisdiction.

SMITH, J. Appeal from an order of the circuit court of Lyman county denying defendant's motion to vacate a judgment against appellant. The complaint in the allegation alleges the breach of an agreement by defendant to sell and convey to plaintiff certain farm lands situated in Lyman county, and demands damages in the sum of $300, with interest. The defendant is a domestic corporation organized and existing under the laws of this state. The summons and complaint were served by one Phillips, a deputy sheriff of Lyon county, Iowa, by delivering to and leaving the same with one Charles Shade, the treasurer of said corporation, a resident of Lyon county, Iowa, on the 7th day of February, 1908, in Lyon county, Iowa. No appearance or answer was made in the action, and the summons, complaint, and return

of service, as stated, were filed in the office of the clerk of the circuit court of Lyman county, February 26, 1910, and on March 15, 1910, judgment was entered against the defendant corporation in the sum of $403.95, damages and costs. Thereafter, on the 21st day of August, 1911, defendant appearing specially moved the court, upon affidavit and the files and records of the court, to set aside and vacate the alleged pretended judgment, upon the ground that the court was without jurisdiction to enter the same. The affidavit accompanying the motion discloses the mode of service as indicated; that there was no affidavit or order for publication of summons; and that no other service was made or attempted than as above stated, and no appearance made in the action by defendant, or by any one in its behalf. In resistance of the motion plaintiff's counsel filed an affidavit of M. A. Brown, stating that summons was issued in said cause on January 8, 1908, and an attempt made to serve the same upon officers of said corporation, residents of this state; whereupon it was disclosed that all the resident officers of said corporation had resigned, and that Charles Shade, the treasurer, was a resident of and in Lyon county, Iowa; whereupon service was made upon him, as stated. Upon the hearing an order was entered, denying defendant's motion to vacate the judgment, to which ruling defendant excepted, and has brought the action to his court for review, alleging error in the denial of the motion to vacate the judgment.

[1] It is appellant's contention that service of the summons upon an officer designated by statute as one of the officers upon whom service of process may be had, but who resides and is served outside of the state, does not constitute due process of law in an action against a domestic corporation, so as to authorize a judgment for damages against such corporation.

It is respondent's contention, on the other hand, that section 110 of the Code of Civil Procedure authorizes such service in an action against a domestic corporation, and that such service constitutes due process of law. Section 110 provides: "The summons shall be served by delivering a copy thereof as follows: 1. If the action be against a private corporation, to the president or other head of the corporation, secretary, cashier, treasurer, a director or managing agent thereof; but such service can be made in respect to a foreign corporation only when it has property in

this state, or the cause of action arose therein, or when such service shall be made within this state personally upon the president, treasurer, secretary, or duly authorized agent thereof.  *  *  *  Service made in any of the modes provided in this section shall be taken and held to be personal service.  *  *  *  *  "

None of the other provisions of the section affect the question involved in this appeal.  It seems plain to us that the clauses of the section above quoted are intended to distinguish broadly between domestic and foreign corporations as to the mode of service of summons.  It will be observed that as to domestic corporations service may be made upon "the president or other head of the corporation, the secretary, cashier, treasurer, a director or managing agent thereof"; while as to foreign corporations such service can only be made upon "the president, treasurer, secretary or duly authorized agent thereof."  The section also expressly provides that as to foreign corporations such service shall be made within this state, personally, upon the offieers named; while as to domestic corporations the statute does not say that service shall be made within the state.  It is almost universally held that service of process within the state upon officers of a foreign corporation, pursuant to statutory enactments, is sufficient to bring the foreign corporation within the jurisdiction of the state court, and to authorize the entry of judgment against such corporation in any case; and such statutes are upheld by an overwhelming weight of authority.

If service upon an officer of a foreign corporation within this state may be deemed due process of law, we see no reason why service of proceess upon an officer of a domestic corporation residing in a foreign state may not likewise be deemed due•process as well.  A domestic corporation is necessarily resident within the state, and cannot remove itself therefrom, either permanently or temporarily.  Such corporation is at all times to be deemed an inhabitant of the state, and never beyond the territorial jurisdiction of its courts.  A natural person may voluntarily remove from the state, either temporarily or permanently.  Where the removal is temporary, the statute prescribes a mode in which process may be served and jurisdiction of the absent defendant obtained by leaving a copy of the summons at the usual dwelling place, with a member of the family over 14 years of age—a mode of substi-

tuted service.  Such service is upheld by the courts, upon the theory that it is reasonably designed to give the defendant notice of the proceeding in court, and an opportunity to be heard in defense of the action.  A corporation is an artificial person, and can be served with process only through its agents.  The statute does not say that service of the summons upon a domestic corporation shall be made within the state; and upon principle we see no reason for adding such limitation by construction.  Such a corporation is at all times within the territorial jurisdiction of the state courts, and service upon its agents or officers designated by the statute, without the state, is as reasonably certain to convey notice of the pendency of the action as would like service upon the same officer within the state.  The theory of such statutes is that any of the officers designated, when so served, will take proper and necessary steps to protect the interests of the corporation in the pending proceeding.  It appears to have been held at common law that jurisdiction of a corporation could not be acquired by service of process on its officers outside of the state which gave it existence.  McQueen v. Middleton Mfg. Co., 16 Johns. (N. Y.) 6; Barnett v. Chicago & Lakage R. R. Co., 4 Hun (N. Y.) 114; Peckham v. North. Parish, 16 Pick. (Mass.) 286.  In almost all if not in every state of the Union, statutes have been enacted which provide that if a foreign corporation engages in business in the state it will be suable there in regard to such business; and service within the state on its officers designated by statute is sufficient to bring the corporation within the jurisdiction of the state courts.  Moulin v. Insurance Co., 24 N. J. Law, 234; Bawknight v. Liverpool, London & Globe Ins. Co., 55 Ga. 195; National Bank of Commerce v. Huntington, 129 Mass. 444; Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; Hagerman v. Empire State Co., 97 Pa. St. 534; McNichol v. U. S. Merc. Rep. Ag., 74 Mo. 457.  The latter case also holds that such service may become the basis of a judgment in personam.  Town of Hinckley v. Kettle River R. Co., 70 Minn. 105, 72 N. W. 835; Clearwater Merc. Co. v. R. J. & R. Shoe Co., 51 Fla. 176, 40 South. 436, 4 L. R. A. (N. S.) 117, 120 Am. St. Rep. 153.  In the latter cases it is held that if the mode of service provided in the statute is, under the circumstances, reasonable and appropriate to the case, it is "due process of law," and, as

to a resident of the state, will give jurisdiction of the person and support a personal judgment. It is also held that due process of law does not require that there be actual personal notice to the party whose property is in question. It is sufficient if a kind of notice is provided by which it is reasonably probable that the party proceeded against will be apprised of what is going on against him, and an opportunity is offered him to defend. 3 Words and Phrases, 2251, citing Happy v. Mosher, 48 N. Y. 313; In re Union Elevated R. Co., 112 N. Y. 61, 19 N. E. 664, 2 L. R. A. 359; City of Indianapolis v. Holt, 155 Ind. 222, 57 N. E. 966, 988, 110; Gilchrist v. Schmidling, 12 Kan. 263; Kansas City v. Duncan, 135 Mo. 571, 37 S. W. 513.

The purpose of such a statute is not to bring the nonresident officer of the corporation within the jurisdiction of the court, but to bring the domestic corporation within its jurisdiction. It does not seek to have the process of the court affect the personal or property rights of a person or corporation resident in another state; and therefore is not an attempt to extend the process of the court beyond the territorial limits of the state within which it is established. It follows that the only question really involved is whether or not such service constitutes due process of law within the state. The fundamental principle involved in "due process of law" is that it shall give sufficient notice of the pendency of the action or proceeding, and a reasonable opportunity to a defendant to appear and assert his rights before a tribunal legally constituted to adjudicate such rights. And whenever a statutory mode of service is reasonably designed to accomplish that end service in accordance therewith constitutes due process of law, and confers jurisdiction on the state court.

[2] Counsel for appellant note the fact that chapter 226, Laws of 1911, being an amendment to section 110, C. C. P., provides that service on a domestic corporation may be made by delivering a copy to a designated officer of the corporation, "either within or without the state," and urge that this enactment is a legislative recognition of the insufficiency of the existing statute to authorize such service. A legislative declaration as to the construction to be given a previous statute is not conclusive or binding on the courts. The amendment, however, may be regarded as an express legislative adoption of the principle announced in this

decision as to what constitutes due process of law. No question of discretion is involved in the ruling of the trial court. It is not alleged that the defendant corporation did not receive notice of the pendency of the action, nor that it has a good defense thereto. We are clearly of opinion respondent is right in his contention, and that the principle underlying the decisions in Clearwater Merc. Co. v. R. J. & R. Shoe Co., 51 Fla. 176, 40 South. 436, 4 L. R. A. (N. S.) 117, 120 Am. St. Rep. 153, Hinckley v. Kettle River R. Co., 70 Minn. 105, 72 N. W. 835, and the cases there cited, is controlling in this case.

The order and judgment of the trial court are therefore affirmed.