**Richmond.**

WYTHEVILLE INS. CO. V. STULTZ.

April 9th, 1891.

1. INSURANCE COMPANY—*Service of process.*—Where company doing busi-
ness both in banking and insurance, is sued on a policy in county
where the insured property lies, and there is no agent residing there
on whom process may be served, an order of publication is proper.
2. EVIDENCE—*Irrelevant.*—The refusal of court to compel witness to disclose
matters not relevant to the issue: *held,* no error.
3. DISCLOSURES OF ASSURED.—Assured is bound only to disclose such mat-
ters as may be inquired about, and not particulars of his title not in-
quired about, unless such disclosure is required by a condition of the
policy.
4. KNOWLEDGE OF INSURER.—Where the agent is acquainted with the loca-
tion of the property before taking the risk, no misstatement in the
assured's application can be set up by the insurer.
5. ORAL APPLICATIONS— *Warranty.*—Verbal statements of the assured, not
false, fraudulent and material to the risk, do not vitiate the policy.
6. MOTION FOR NEW TRIAL—*Case at bar.*—Upon the evidence certified in the
case here (considered as a demurrer to the evidence): *held,* no error in
refusing to grant new trial. ·

Error to judgment of circuit court of Henry county, ren-
dered at the July special term, 1889. The action is trespass
on the case in *assumpsit* against the Wytheville Insurance and
Banking Co. by the defendant in error, T. B. Stultz, on a
policy of insurance.

At the trial the defendant moved the court to quash the
process, because there had been no personal service on the
defendant company in any way whatever, and that the order

of publication, which was the substituted process resorted to, was insufficient, because the defendant company was a bank; which motion was overruled, and the defendant excepted. At the trial the evidence was taken and certified, and instructions given and refused, and the defendant excepted to the rulings of the court against him, and a verdict was rendered against the defendant company; whereupon the defendant moved the court to set aside the verdict and grant it a new trial, which motion the court overruled, and the defendant excepted, whereupon the court rendered judgment in accordance with the verdict, and the defendant brought this case to this court by writ of error.

*D. S. Peirce,* for the plaintiff in error.

*Peatross & Harris,* for the defendant in error.

LACY, J., delivered the opinion of the court.

The first question we will consider is as to the motion of the defendant to quash the process in this case, because the defendant is a bank, and the statute provides that service of process against a bank shall be upon the president, cashier, treasurer, or any one of its directors. And also, it is there provided that "if the process be against some other corporation, created by this State, or by some other State, *or, in any case, if there be not in the county or corporation wherein the case is commenced any other person on whom there can be service* as aforesaid, or any agent of the corporation against which the case is (unless it be a case against a bank), or on any person declared by the laws of this State to be an agent in the county or corporation wherein the case is commenced, on affidavit of that fact and that there is no other person in such county or corporation on which there can be service as aforesaid, publication of a copy of the process or notice once a week for four weeks," &c.

The defendant was called a banking as well as an insurance company, but with its business as a bank, the plaintiff has in this suit no concern; the said defendant company was and is doing business as an insurance company, and the suit is upon a contract of insurance made by the said company in the county where this suit was commenced.

And section 3214 of the Code provides that "any action at law, if it be to recover a loss under a policy of insurance, either upon property or life, wherein the property insured was situated, or the person whose life was insured resided at the date of the policy."

It appeared by affidavit that no agent of the company resided in this county upon whom process could be served, and, it being against an insurance company, it was properly commenced in the county where the property insured was situated, and, being so commenced there, and there being no agent of said company residing there on whom process could be served, an order of publication was proper in the case. That the defendant company at other times did business as a bank is immaterial; in this transaction it was dealing with an insurance company, and the action was under a loss under the policy of insurance, and it was with its character as an insurance company that the plaintiff was dealing; and the motion to quash the process in the case was properly overruled—the same being lawful, regular, and altogether proper.

The second assignment of error, and which is the subject of the second bill of exceptions, is as to the refusal of the court to compel the witness, Semple, to disclose, at the instance of the defendant, what commission was paid him for selling, or what commission he was to receive if he sold the plaintiff's tobacco.

The witness objected to disclosing what commission he was to receive for selling, as that was his private business, and he did not wish to tell it. It does not appear in what respect that question was germane, or in any wise related to the issue to be tried. The witness was engaged in selling his own tobacco,

and took along some for the plaintiff, and did not sell it; the commission to be paid him was irrelevant to the issue, and no foundation laid for its introduction into the trial of this case, and there was no error in excluding it.

The third assignment, and the subject of the third exception, is as to the action of the circuit court in excluding the answer of the witness, Terry, which disclosed a statement of third parties, made to him. This was heresay merely, and the fact to be proved, if necessary, could have been properly proved only by the persons having the knowledge themselves, and a report of what they had said in the absence of the plaintiff did not rise to the dignity of legal evidence, and was properly excluded.

The fourth assignment of error and the subject of the fourth exception, is as to the action of the court in refusing certain instructions asked by defendant and giving certain others.

The first instruction asked for by the defendant, and refused by the court, and which is involved herein, is as follows:

"Instruction No. 3.

"The court instructs the jury that any fact which, if known, would have influenced the company to fix a high rate of premium, or would have influenced the said company in issuing or refusing to issue the policy in question, is material to the risk, and it was the duty of the plaintiff to disclose every such fact when he made his application for the said policy, and the failure so to do on the part of the plaintiff vitiates his policy."

The next is—

"Instruction No. 4.

"The court further instructs the jury that if they believe from the evidence that at the time the plaintiff obtained the policy sued on he knew the tobacco insured was damaged

and not saleable on the markets, and failed to disclose the same to the company, and if they shall further believe that the knowledge of said fact would have caused the company to refuse to issue the said policy, then the failure to disclose the same, *whether fraudulent or not*, vitiates the policy, and they must find for the defendant."

The next is—

"Instruction No. 5.

"The court instructs the jury that if they believe from the evidence that at the time the plaintiff obtained the policy sued on, he owed on the tobacco insured an amount equal to the value of the same, and failed to disclose the same to the defendant company, and if they shall further believe that the knowledge of that fact would have caused the said company to refuse to issue the said policy, then the failure to disclose the same vitiates the policy, and they must find for the defendant."

The next is as follows:

"Instruction No. 6.

"The court instructs the jury that the provision in the policy that the house in which the tobacco insured was situated was occupied as a tobacco factory is a warranty, and the plaintiff is bound thereby; and if they shall believe from the evidence that the said building was at that time, and at the time of the fire not so occupied, and that a knowledge of the fact would have caused the company to have refused to issue the policy, then they must find for the defendant."

Instruction No. 7 is as follows:

"The court further instructs the jury that if they believe from the evidence that at the time the plaintiff obtained the

policy sued on, he represented to the company that he did not owe for the tobacco insured, when, in fact, he owed for the same to an amount equal to the value of the tobacco, and if they shall further believe that the knowledge of this fact would have caused the defendant company to refuse to issue the said policy, then such misrepresentation vitiates the policy, and they must find for the defendant."

Instruction No. 8, as asked for by the defendant, is as follows:

" The court further instructs the jury that under the provisions of the policy, the misrepresentations of the plaintiff to the agents of the company, at the time of the obtaining of the policy, as to the value of the tobacco insured, amounts to a warranty; and if they believe from the evidence that at that time he represented the tobacco to be worth greatly more than it was in fact worth, and materially over-valued the same, such representation vitiates the policy, and they must find for the defendant."

In lieu of these instructions, as asked for by the defendant, the court gave others, as follows:

In lieu of the foregoing instruction No. 3, the court gave the following, marked instruction " A ":

" That in order that misrepresentations made in procuring insurance shall have the effect to make the policy void (unless such misrepresentations be warranties) such misrepresentations must be material to the risk, and must have influenced the issuing of the policy; and wh'ether they be material to the risk or influenced the issuing of the policy or not, are questions for the jury to determine from the evidence."

In lieu of the fourth instruction asked by the defendant, the court gave the following, marked instruction " B ":

" That in order for the defendant company in this suit to be entitled to a verdict in its favor, on the ground that the policy

was void because of misrepresentations by the plaintiff in procuring the insurance, the defendant company must prove to the satisfaction of the jury that the plaintiff made such misrepresentations, and that they were as to matters material to the risk."

In lieu of the fifth instruction asked for by the defendant, the court gave the following, marked instruction "C":

"That if one applying for insurance state fairly to the company, or its agent, the facts required by the contract of insurance to be stated, or if such facts be known to the company or its agent, and the facts be not truly stated by the company, or its agent writing the policy, the company will not be released from liability by such failure to state truly the facts in the policy."

In lieu of the sixth instruction, as asked for by the defendant, the court gave the following, marked instruction "D":

"A mere misrepresentation of the value of the property insured does not vitiate the policy, unless the over-valuation be gross and clear, such as must be known to be such by the insured, and not known to the insurer, and, therefore, false and fraudulent."

In lieu of the seventh instruction, as asked for by the defendant, the court gave the following, marked instruction "E":

"That, as a rule, the insured is only required to disclose what he is interrogated as to, unless the terms of the policy require such disclosure; but, whether interrogated or not, if the jury believe from the evidence that he withheld or omitted to state any fact material to the risk, which in honesty and good faith he ought to have communicated, with the design and for the purpose of obtaining the issuance of the policy, or for the purpose or with the design of obtaining the same at a lower premium than the one charged, then the policy is thereby vitiated, and the jury must find for the defendant."

It is insisted that it was the duty of the insured to disclose

every fact which, if known to the company at the time of the issuance of the policy, would have induced the demand for a higher rate, or would have influenced the company in issuing or refusing the said policy, and that the circuit court should have so instructed the jury, as asked in the said third instruction; but this cannot be true unless such material fact was known to the assured, otherwise the assured was incapable of disclosing them, and, if known to him, he must also have known that the supposed fact was material to the risk. The third instruction was incorrect, and, if it had been given, would have tended to mislead rather than instruct the jury.

As to the duty of the insured to make every disclosure which is material to the risk, whether questioned concerning the same or not, it is generally true that the insured is bound only to disclose such matters as may be inquired about, and not the particulars of his title, unless the same is inquired about, or unless it is made imperative upon him by some condition of the policy. The rights of the insurer are sufficiently guarded by having it in his power to exact, by inquiry, a description of the interest of the insured, and by the recovery being limited, in case of loss, to the value of the interest proved at the trial.

As was said by Judge Moncure in *West Rockingham Mutual Fire Insurance Company* v. *Sheets & Co.*, 20 Gratt., 870, quoting from *Morrison's Adm'r* v. *T. M. & F. Ins. Co.*, 18 Mo., 262: "The man who asks insurance on his property is not aware of the necessity of disclosure which long experience in insurance offices has shown to the underwriter to be necessary; and to hold his policy void for not making disclosures, of the importance of which he is not aware, would be gross injustice."

And again: "What is material must be determined upon the circumstances of each case. What is material in one case may not be in another, and so a wide field for litigation will be opened. The ends of justice will be best subserved by holding the assured only responsible for fraud. Insurance

companies may protect themselves by inquiries in relation to these things, and, after filling their policies with so much detail, and so much *minutiæ* of information in regard to other matters, as to create the impression that they are satisfied, to hold that they are not bound by their contract unless information of another kind is communicated by the assured, which is not sought for, would be enabling them to commit the rankest injustice."

And Judge Moncure adds: "These views are very strong, and I am decidedly of opinion that they are correct. Nothing more need be added to them."

In *Clark* v. *Manufacturers' Ins. Co.*, 8 Howard, it is said: "The relation of the parties is entirely changed if the insurer asks no information, and the insured makes no representations. But when representations are not asked nor given, and with only this general knowledge the insurer chooses to assume the risk, he must be presumed, in point of law, to do so at his peril." In this case the policy was issued on a mere request to insure, and without any statement as to these things now contended for.

As to the sixth instruction, that the statement that the house was a tobacco factory was a warranty, this instruction was calculated only to mislead the jury by suggesting that there was some dispute upon this point, and that there was some evidence to the contrary, whereas the evidence everywhere shows that the building was a tobacco factory, and nothing else, and there is no testimony to the contrary whatever; and, moreover, the fact that the agent effecting the insurance was fully informed and entirely familiar with the building in question is proved and not denied, and, being so known to the insurer, the said instruction was irrelevant; and when the insurer knows the situation of the building before insurance, they are estopped from setting up a misstatement in reference thereto in the application. Wood on F. Ins., 299, and authorities cited.

But, as we have said, there was no evidence tending to show any misrepresentation as to this, and the fact plainly appeared and was uncontradicted, and the instruction was inapplicable to any phase of the case, and was irrelevant, and properly rejected. And we may add that an oral application for insurance, although referred to in the policy, does not thereby become a warranty. The verbal statements made by the assured are merely representations which, if not fraudulent and material to the risk, do not avoid the policy. Nothing can be incorporated into or be said to be a part of a written contract, except it is in writing; and the danger of permitting such a doctrine to gain a foothold is readily perceived. It would be of very dangerous consequences to add a conversation that passed at the time as part of the written agreement. In all cases where verbal representations are made material to the risk, they may be shown for the purpose of establishing fraud on the part of the assured. But, even though such statements are false, if they are honestly made, the policy is not avoided; they must be *both false and fraudulent* to have that effect. Wood on Fire Ins., p. 300, and authorities cited; p. 207, sec. 90; p. 889, sec. 424; *Manhattan Fire Insurance Co.* v. *Weill & Ullman*, 28 Gratt., 389; *Ins. Co.* v. *Wilkinson*, 13 Wall., 222; *Lynchburg Fire*, &c., v. *West*, 76 Va., 582; *National Bank* v. *Insurance Co.*, 95 U. S., 673.

Instruction No. 7 was properly refused, for reasons already stated. No inquiry was made of him about what he owed, and such an inquiry would have been unusual and novel if it had been made. There was an inquiry as to the encumbrance in the policy, but there was no encumbrance thereon, and no instruction is asked concerning it.

There was no error in the action of the court in giving or refusing the said instructions, given or refused, and the assignment of error concerning the same must be overruled.

The next assignment of error, which is the subject of the fifth exception, is as to the action of the court in overruling

the motion of the defendant to set aside the verdict in the case
found by the jury, and rendering judgment thereon in accord-
ance with its terms.    In consideration of this motion, we will
remark that the evidence herein is certified, and, under our
law, upon writ of error here, we must consider the same as
upon a demurrer to the evidence.

The defence made to the action is that the plaintiff misrep-
resented the character and value of the tobacco insured; that
the insured tobacco was not saleable, was unsound and sour,
and growing daily worse; that the same was not stored in a
tobacco factory as represented, but in an out-house in the
country, closed for more than a year, and that the facts were
not known to the agent of the company who issued the policy,
but reliance was placed on the statements of the insured, and
they were untrue; that the fire occurred nine days after the
insurance was effected, and that the plaintiff offers no explana-
tion except that he thought it was the act of an incendiary;
that the plaintiff left home that night of the fire, and was three
miles distant, and was apprised of the fire at about nine o'clock,
and he did not go to the scene of the fire; that this tobacco
had been rejected as sour by dealers in various cities, and there
is in the certificate of evidence in the record certain evidence
which the defendant offered to that effect.

On the other hand, the plaintiff offers evidence adduced at
the trial to the effect that the agent of the company was aware
of the location of the factory and all about it; that the tobacco
was worth from $6,000 to $7,000; that he fully disclosed to the
agent of the company the character of his tobacco and the sev-
eral grades, and the prices put on each; that he was not asked
whether there was any money due on the tobacco, and that
there was not any encumbrance on the said tobacco; that the
insurance was placed by the agent in several companies, and
that he (the insured) did not know what companies would be
given the risk; that his tobacco was good and not unsound,
and that on the night of the fire he was at his brother-in-law's

house, where his wife was staying; that he was sick in bed on an inclement night with tonsillitis, and that he did not go in the night to the scene of the fire (1), because he was sick with a disease which would have been aggravated by exposure, and (2) because he understood that the building was hopelessly burning, and he could do no good by going there in the night only to see it burn.

The witness, A. D. Stultz, says the estimate of the value of the tobacco burned was largely less than the actual value of the tobacco; that the house where it was stored was a tobacco factory when the insurance was effected, and at the date of the fire; that the tobacco was sound and good, and not sour or unsound, and that he had examined it and knew it well.

Another witness, J. W. Burch, says he had examined three grades of this tobacco and found them sound; that they were good and sound, and no sourness about them; that one grade was especially good.

Upon this state of the evidence, the jury, the proper triers of the fact, based their verdict, upon the evidence of the plaintiff apparently; and, in considering the same here upon writ of error, we must reject the evidence of the defendant which is in conflict with the plaintiff's evidence. This rule being applied, the verdict, in the light of the plaintiff's evidence, and of such evidence of the defendant as can be considered, appears to be right, and there is no error in the action of the circuit court in overruling the motion for a new trial, and in refusing to set aside the verdict as contrary to the law and the evidence.

Upon the whole case as disclosed by this record, we perceive no error in the judgment of the circuit court herein, and the same must be affirmed.

RICHARDSON, J., dissented.

JUDGMENT AFFIRMED.