## ARTHUR G. MERRICOURT *v.* NORWALK FIRE IN-
## SURANCE COMPANY.

MOTION FOR REHEARING.

SUBMITTED JANUARY 8, 1901.      DECIDED JANUARY 23, 1901.

FREAR, C.J., GALBRAITH, J., AND W. L. STANLEY, ESQ., OF THE
BAR, IN PLACE OF PERRY, J., DISQUALIFIED.

Where a policy of fire insurance is written on oral application of the
insured and no unusual circumstances exist affecting the subject
of the insurance the insured is under no obligation to volunteer
information about his past life or losses by fire.

And where such policy contains clause "This entire policy shall be
void if the insured has concealed or misrepresented, in writing or
otherwise, any material fact or circumstance concerning this
insurance or the subject thereof," and the insurer made no specific
inquiry as to previous fires, it was not error to disallow proof that
the insured had suffered four different losses by fire before coming
to the islands.

OPINION OF THE COURT BY GALBRAITH, J.

The motion for rehearing is based on the ground that "a
question decisive of the defendant's right to a new trial" was
duly submitted to the court and overlooked in the decision
filed in said cause on December 31, 1900, to wit, that at the
trial of the cause the defendant offered to prove, without stat-
ing the object for which such proof was offered, that the plain-

tiff, prior to coming to Honolulu, in the State of California, had suffered four separate and distinct losses from fire, although there was no offer to prove the causes of those fires, and that objection to this evidence was sustained by the trial court and exceptions taken, and that this alleged error was duly presented in exception 52 of defendant's bill of exceptions.

The question presented by exception 52 was not overlooked by the court, although the reason for overruling the same was not set out in the opinion as it possibly should have been. The proof of previous fires in the State of California was offered in three separate forms: 1st, as a basis for hypothetical questions to expert witnesses; 2d, without stating the object for which it was offered; and, 3d, in proof of fraud. Objection was made to the proof in each instance and sustained, to which exceptions were taken. These alleged errors were presented in exceptions 51, 52 and 53 of the bill of exceptions. The reasons for overruling exceptions 51 and 53 are set out at length in the opinion. It is now claimed that the evidence of previous fires was admissible in order that the jury might pass upon the question whether these facts were material, and if they were found to be material the policy was void under that clause contained therein reading as follows: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof."

The evidence shows that the policies involved in the suit were issued on the oral application of the plaintiff; that no written application was required or requested; and it is not claimed that the plaintiff was asked any questions about these previous fires or anything about his past life or misfortune or accidents in regard to fires. Under these facts, can it be properly insisted that there was any duty incumbent on the plaintiff to volunteer information on this subject in the absence of specific inquiry or anything else that would suggest to him that it was his duty to disclose the history of his past life or any part thereof?

The American courts make a clear distinction in interpreting

contracts of marine and fire insurance. The strict rules applicable to the former are relaxed when applied to the latter. The reason given for so doing is well stated by the Ohio Supreme Court as follows: "In marine insurance the underwriter, from the very necessity of his undertaking, is obliged to rely upon the assured, and has therefore the right to exact a full disclosure of all the facts known to him, which may in any way affect the risk to be assumed. But in fire insurance no such necessity for reliance exists, and if the underwriter assumes the risk without taking the trouble to either examine or inquire, he cannot very well, in the absence of fraud, complain that it turns out to be greater than he anticipated."

*Protective Ins. Co. v. Harmer*, 2 Oh. St. 472.

We find that the question above propounded should be answered in the negative. That in the absence of unusual circumstances affecting the subject of the insurance or the purposes for obtaining the same the assured is not bound to disclose facts not specifically inquired about. That the plaintiff in applying for the insurance on his property was not obliged to volunteer information relative to his previous losses by fire in the absence of specific inquiry from the defendant. That silence on this subject under such circumstances was perfectly consistent with honesty of purpose and intention. And that the plaintiff being under no obligation to disclose such facts proof that he failed to disclose them would be immaterial to any issue in the case. This position is well supported by authority.

The Supreme Court of the United States said: "But when representations are not asked or given, and with only this general knowledge the insurer chooses to assume the risk, he must in point of law be deemed to do it at his peril." *Clark v. Mfg. Ins. Co.*, 8 How. 574.

The Supreme Court of Massachusetts said: "The defendant saw fit to issue this policy without any specific inquiries of the plaintiff as to the title to the land, and without any representations by the plaintiff upon this point. It was its own carelessness and it cannot avoid the policy without proving intentional

misrepresentations or concealment on the part of the plaintiff. An innocent failure to communicate facts about which the plaintiff was not asked will not have this effect." *Washington Mills Mfg. Co. v. Weymouth Ins. Co.*, 135 Mass. 505.

The Supreme Court of New York said on the same subject: "The provision in the policy that any omission to make known any fact material to the risk should render it void, in the absence of the proof of fraud, is not violated because the insured failed to disclose facts in regard to which no inquiry is made. The applicant has a right to suppose that the insurer, in making inquiries as to particular facts, considers all others to be immaterial, or that he assumes to know or waives information in regard to them." *Browning v. Home Ins. Co.*, 71 N. Y. 512.

Other authorities are: *Gates v. Madison Co. Mu. Ins. Co.*, 5 N. Y. 475; *Fowle v. Springfield Ins. Co.*, 122 Mass. 191; *Walsh v. Philadelphia Fire Association*, 127 Mass. 383; *Vankirk v. Citizen's Ins. Co.* (Wis.), 48 N. W. 798; *Arthur v. Palatine Ins. Co.* (Ore.), 57 Pac. 62; *Morrison, Admr., v. Tennessee Marine and Fire Ins. Co.*, 18 Mo. 262; *Wytheville Ins. and Bkg. Co. v. Stultz* (Va.), 13 S. E. 77; *Joyce on Ins.* Sec. 643.

The case of *Protective Ins. Co. v. Harmer*, 2 Oh. St. 472, cited in the opinion on file (ante p. 218) was referred to principally as an authority for overruling exception 51. The reasons given by the court would clearly not be applicable to the question presented in exception 52. The facts in the Ohio case were very different from those in the case at bar. There the property insured had been on fire a short time before the risk was taken and the owner believed the origin of the fire to be incendiary. Proof of the failure to disclose these facts was apparently admitted without objection and the court said that the materiality of the facts was properly submitted to the jury and that it was as competent to pass upon their materiality as any insurance expert.

It follows that exception 52 was properly overruled and that the motion for rehearing must be denied.   It is so ordered.

*A. S. Humphreys* and *J. T. De Bolt* for plaintiff.

*Kinney, Ballou & McClanahan* for defendant.