# Richmond.

## WARD LUMBER COMPANY v. HENDERSON-WHITE MANUFACTURING COMPANY.

### November 29, 1907.

1. APPEAL AND ERROR—*Constitutionality of Law—How Raised.*—Notice under section 3451 of the Code to reverse a judgment by default, and to quash an execution thereon, on the ground that "judgment was obtained by default and after service of process by publication only, and not by personal service thereof," sufficiently raises the constitutionality of section 3225, under which the service was made. Any proceeding which necessarily puts in issue the constitutionality of a statute, whether it be by demurrer, plea, instruction or otherwise, is sufficient to give this court jurisdiction of the case, regardless of the amount involved.

2. CONSTITUTIONAL LAW—*Due Process—Corporations.*—The constitutional provision that "no person shall be deprived of his property without due process of law," includes private corporations.

3. CONSTITUTIONAL LAW—*Due Process—Corporations—Publication of Process—Code, Section* 3225.—The provision of section 3225 of the code authorizing service of process on a domestic corporation by publication of the process, when there is no officer or agent of the corporation in the county on whom process may be served, affords "due process of law," and is constitutional.

Error to a judgment of the Circuit Court of Wise county on a motion to correct a judgment by default. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Aubrey E. Strode,* for the plaintiff in error.

*A. P. Crockett,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

The defendant in error, a corporation organized under the laws of this state, with its home office in Danville, Va., having an alleged cause of action arising in Wise county, Virginia, against the plaintiff in error, also a Virginia corporation, with its home office in the city of Lynchburg, Va., on the 13th day of February, 1906, filed with the clerk of the circuit court of Wise county its memorandum of suit against the plaintiff in error, to recover the sum of $210.94 due on account, which memorandum directed the clerk to "have summons published in Wise News," (a newspaper published in Wise county, Va), and to it was appended this affidavit, to-wit:

"State of Virginia,
        "County of Wise, to-wit:
"This day personally appeared before me, C. J. Edwards, a notary public for the county and state aforesaid, Julian P. Thomas, Jr., attorney for the Henderson-White Manufacturing Company, and made oath before me in my county that the Ward Lumber Co., Inc., of Lynchburg, Virginia, has no agent or officer in the said county of Wise, on whom legal notice can be served.

"Given under my hand this 13th day of February, 1906.
                    "C. J. Edwards, *Notary Public.*"

Upon the completion of the publication of the summons, as prescribed by section 3225 of the Code of 1904, the plaintiff in error not appearing, the circuit court of Wise county entered its judgment in favor of defendant in error against plaintiff in error for the amount of the debt sued for, with interest from

the date it was alleged to have become payable, and for costs of the suit. On this judgment, execution issued and was levied by the sergeant of the city of Lynchburg upon the effects of plaintiff in error; whereupon, it, on the 17th day of July, 1906, moved the circuit court of Wise county to reverse the judgment, pursuant to the provisions of section 3451 of the Code, and also to quash the execution issued thereon, pursuant to section 3599 of the Code, upon the ground that "the judgment was obtained by default and after service of process by publication only, and not by personal service thereof;" which motions were overruled.

We are asked to dismiss the writ of error awarded to the said judgment, upon the ground that the amount involved is less than $300, the only error assigned in the petition for the writ of error being, that the statute—section 3225 of the Code, *supra*—under which the suit was brought and maintained, is unconstitutional and void, and that the question was not raised nor passed on in the circuit court.

The motion to dismiss is without merit. While the jurisdiction of this court must affirmatively appear from the record, it does so appear when the court can see, as in this case, that the judgment of the lower court necessarily involved the constitutionality of some statute or ordinance, or drew in question some right under the Federal or state constitution. "Any proceeding which necessarily puts their validity in issue, whether it be by demurrer, plea, instruction, or otherwise, is sufficient to give this court jurisdiction of the case." *Adkins & Co.* v. *City of Richmond,* 98 Va. 91, 34 S. E. 967, 81 Am. St. Rep. 705, 47 L. R. A. 583, and cases there cited.

It will be observed that the judgment in this case was by default after service of process by publication only, and both the notice of the motion to reverse the judgment pursuant to section 3451 of the Code, and of the motion to quash the execution issued on the judgment, pursuant to section 3599 of the Code, state as the ground of the motion, that "the judgment was

obtained by default and after service of process by publication only, and not by personal service thereof." The plain meaning and effect of the notice authorized by statute, was to put in issue whether or not the statute (Sec. 3225) under which the judgment was obtained, is repugnant to the constitution of the state and the fourteenth amendment to the constitution of the United States; and when the motions were overruled the trial court necessarily reviewed the statute, ruling that it provides for "due process of law," and therefore not repugnant to the constitution of the state or of the United States.

The error complained of, however, does not arise out of the construction and interpretation of the statute, but is to the ruling of the trial court that the statute is constitutional and valid. In the latter case this court has appellate jurisdiction, regardless of the fact that the judgment is for less than $300, while in the former it would not have, the constitutionality of the statute as distinguished from its construction and interpretation being the source of appellate jurisdiction. *Hulvey* v. *Roberts,* 106 Va. 189, 55 S. E. 585.

Section 3225 of the code, *supra,* after providing that process against, or notice to, a corporation (other than a municipal corportion or a bank) created by the laws of this state or some other state or country, may be served on certain named officers, etc., or in any case, if there be not in the county or corporation wherein the case is commenced, any other person on whom service can be had, as aforesaid, on any agent of the corporation against which the case is, or on any person declared by the laws of this state to be an agent of such corporation, reads as follows: "And if there be no such agent in the county or corporation wherein the case is commenced an affidavit of that fact, and that there is no person in said county or corporation on whom there can be service aforesaid, publication of the process once a week for four successive weeks, in a newspaper

printed in this state shall be a sufficient service of such process or notice."

Section 11 of article 1 of the constitution of Virginia, and the 14th amendment to the constitution of the United States, provide, "that no person shall be deprived of his property without due process of law."

In determining whether or not, in a particular case, this constitutional provision is being violated, or has been violated, it is uniformly held "to include private corporations, such corporations being persons within the meaning of the fourteenth amendment." *C. C. & A. Ry. Co.* v. *Gibbs,* 142 U. S. 386, 35 L. Ed. 1051, 12 Sup. Ct. 255.

While this statute has been in force for nearly a quarter of a century, and several times amended (Acts 1885-6, p. 141; 1893-4, p. 614; 1895-6, p. 445), it has never come under review in this court, except in the case of *Wytheville Ins. Co.* v. *Stultz,* 87 Va. 629, 13 S. E. 77, and there the constitutionality of the statute was not called in question, the question decided being whether the defendant was a banking corporation, and, therefore, exempt from the operation of the statute, or to be regarded as an insurance company; and the court held that it was both a banking and an insurance company and not a banking corporation, and, therefore, the service by publication of the summons as provided by the statute was good.

In *Violett* v. *City of Alexandria,* 92 Va. 567, 23 S. E. 909, 53 Am. St. Rep. 825, 31 L. R. A. 382, it was said: "All the authorities agree that 'due process of law' requires that a person shall have reasonable notice and a reasonable opportunity to be heard before an impartial tribunal, before any binding decree can be passed affecting his right to liberty or property." Yet it was further said in that case, that while the legislature cannot dispense with notice altogether, it may prescribe the kind of notice. There the city's charter provided for no notice whatever, and therefore the ordinance of the city, under which it was

attempted to fix a charge upon the property of the appellants to meet the cost of paving the streets, was held uncousitutional and void.

Section 3225 of the code, under review, applies to all corporations doing business in this state, except certain mentioned corporations, and the purpose of the legislature seems clearly to have been to provide against hardships arising where corporations go into various sections of the state, making contracts and carrying on their business, and then leave without closing the same satisfactorily and thereby compelling litigants to follow them perhaps across the entire state to litigate even small matters, or abandon their claims. Any lawful business which may be conducted by an individual may be conducted by a corporation chartered under the laws of the state, and it is a matter of common knowledge that there are many of these corporations which, while having a home office at some point in the state, through their agents and others, transact business and contract debts and incur liabilities in many sections of the state. It may be, as suggested by the learned counsel for plaintiff in error, that, under this statute a domestic corporation domiciled in Norfolk, Va., wishing to obtain a judgment against another domestic corporation domiciled in the same city upon some cause of action, real or fictitious, and desiring to keep from the defendant corporation knowledge that a suit was being prosecuted against it, might go to Highland county and institute its suit, and making the affidavit required by statute, which it might truthfully do within the limits of the statute, and without making oath that its claim was believed to be just, obtain an order of publication, which, under the statute, if printed once a week for four successive weeks in a newspaper printed in Lee county, however limited its circulation, would yet obtain "a sufficient service of such process." But it is to be borne in mind that before such proceedings as suggested could be had, there must be jurisdiction in the court in which the proceedings

are instituted, under section 3215 of the code; and it would be a reflection on the judiciary of this state to say that judgment could be obtained in any county where jurisdiction is wanting.

Section 3215, *supra,* provides: "An action may be brought in any county or corporation wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein;" and section 3214 provides: "Any action at law, if it be to recover a loss under a policy of insurance, either upon property or life, may be brought in any county or corporation wherein the property insured was situated at the date of the policy, or the person whose life was insured resided at the date of his death or at the date of the policy." It was under this latter section that this court, in *Wytheville Ins. Co.* v. *Stultz, supra,* held that the publication of the summons, as provided by section 3225, was a good and valid service of notice to the defendant.

Professor Lile, in his Notes on Corporations, p. 342, discusses the statute and explains it fully, showing the difference between domestic and foreign corporations. As he shows, when the action is against a domestic corporation, the summons is published and made returnable to rules, and not to appear in fifteen days, as is other cases. He makes no suggestion of a question as to the constitutionality of the statute.

In an article appearing in 2 Va. L. Reg. 545, the author reviews the statutes providing for the summoning of corporations by publication, but makes no suggestion of a doubt as to the constitutionality of section 3225, here in question. He calls attention to the difference in the requirements of section 3230 and the three sections following, and the provision of section 3225, and shows that the sections other than the last named do not apply to corporations, and clearly indicates an opinion that where the provisions of section 3225 are complied with, the defendant corporation is duly summoned.

That hardships may arise out of the execution and enforce-

ment of this statute is very probable; but the courts of the state cannot, for that reason only, declare a statute unconstitutional; "nor can a court declare a statute unconstitutional and void solely on the ground of unjust or oppressive provisions, or because it is supposed to violate the natural, social, or political rights of the citizen, unless it can be shown that such injustice is prohibited or such rights guaranteed or protected by the constitution." Cooley's Const. Lim. (6 ed.) 197.

"It is true," says this learned author, "there are some reported cases in which judges have been understood to intimate a doctrine different from what is here asserted; but it will generally be found, on an examination of those cases, that what is said is rather by way of argument and illustration, to show the unreasonableness of putting upon constitutions such a construction as would permit legislation of the objectionable character then in question, and to induce a more cautious and patient examination of the statute, with a view to discover in it, if possible, some more just and reasonable legislative intent, than as laying down a rule by which courts would be at liberty to limit, according to their own judgment and sense of justice and propriety, the extent of legislative power in directions in which the constitution had imposed no restraint." On page 200 the same author further says: "The rule of law upon this subject appears to be, that, except where the constitution has imposed limits upon the legislative power, it must be considered as practically absolute, whether it operate according to natural justice or not in any particular case. The courts are not the guardians of the rights of the people of the state, except as those rights are secured by some constitutional provision which comes within the judicial cognizance. The protection against unwise or oppressive legislation, within constitutional bounds, is by an appeal to the justice and patriotism of the representatives of the people. If this fail, the people in their sovereign capacity can correct the evil; but courts cannot assume their rights. The

judiciary can only arrest the execution of a statute when it conflicts with the constitution. It cannot run a race of opinions upon points of right, reason and expediency with the law-making power. Any legislative act which does not encroach upon the powers apportioned to the other departments of the government, being *prima facie* valid, must be enforced, unless restrictions upon the legislative authority can be pointed out in the constitution, and the case shown to come within them."

In 8 Cyc., 778, it is said, that the generally accepted rule is that the courts will not declare a statute void merely because, in their opinion, it is opposed to the spirit supposed to pervade the constitution.

And in *Calder* v. *Bull,* 3 Dall. 386, 1 L. Ed. 648, the court said: "When congress or a state legislature pass a law within the general scope of their constitutional power, the courts cannot pronounce it void merely because, in their judgment, it is contrary to the principles of natural justice, and the great weight of authority favors the rule laid down in this case."

Among the authorities relied on by counsel for plaintiff in error as supporting the contention that section 3225 of the code does not meet the constitutional requirement of "due process of law," is the case of *Pennoyer* v. *Neff,* 95 U. S. 714, 24 L. Ed. 565; but in that case the court was dealing with foreign and not domestic corporations, and neither in that case nor in any other that we have been able to find, was it held that the legislature has not the right to prescribe a mode of service where the statute has no extra-territorial effect. On the contrary, the authorities are in accord with what was said by this court in *Violett* v. *Alexandria, supra,* that while the legislature cannot dispense with notice altogether, it may prescribe the kind of notice. With the wisdom of the statute the courts have nothing to do, and it may be that the mode of service prescribed might have been different and for the better, in that it would have been more effective and better calculated to arrest the at-

tention of a defendant against whom the summons published is directed; or, as in an action against an insurance company created by the laws of this state, where the statute, although the action may be brought in the county or corporation wherein the property insured was situated at the date of the policy, or the person whose life was insured resided at the date of his death or at the date of the policy, requires that process or notice shall be directed to the sheriff or sergeant of the county or corporation wherein the chief office of such company is located. But these are matters for legislative consideration, and not for the determination of the courts.

Constructive service of a summons or a notice, as authorized by the statutes, has over and over been recognized as a valid service, and a reasonable exercise of legislative authority, and we can see no reason why the mode of service provided in section 3225, which was strictly followed in this case, should be regarded as either lacking "due process of law" or the reasonable exercise of legislative authority.

We are, therefore, of opinion that the judgment of the circuit court must be affirmed.

KEITH, P., dissents.

*Affirmed.*