## Richmond.

## A. S. WHITE AND COMPANY, INC., V. JORDAN.

### January 16, 1919.

1. CONSTITUTIONAL LAW—*Due Process of Law—Service by Publication—Domestic Corporation—Section 3225 of the Code of 1904.*—Section 3225 of the Code of 1904, so far as it authorizes the service of process on a domestic corporation which has no person in the county or corporation wherein the case is commenced on whom process can be served, by the publication of a copy of the process in a newspaper, is not violative of the fourteenth amendment of the United States Constitution and of section 11 of the Virginia Constitution, which prohibit the taking of property "without due process of law."

2. SERVICE OF PROCESS—*Publication—Designation of Newspaper—Section 3225 of the Code of 1904.*—Section 3225 of the Code of 1904 requires first an affidavit of the fact that there is no agent in the county or corporation wherein the case is commenced, and that there is no other person in that county or corporation on whom there can be service; and then, before there can be any lawful publication, the statute requires that there shall be an order entered in the case, either by the court or by the clerk of the court, directing the publication of process. The jurisdiction to enter an order, thus conferred upon the court in which the case is pending, to direct the publication, by necessary implication, imposes upon the judge or clerk the duty to enter such order as is appropriate in that particular case, which order should therefore properly designate the newspaper in which it is directed to be published.

3. SERVICE OF PROCESS—*Publication—Designation of Newspaper—Section 3225 of the oCde of 1904.*—Thus construed, the statute does not authorize publication to be made at the option of the plaintiff "in any newspaper of the State," as is claimed, but only in such newspaper as may be directed by the judge or clerk in the order. There is a presumption that the impartial officials charged with this duty, will require the publication to be made in such newspaper as is most likely to give notice to the defendant.

4. STATUTES—*Construction in Favor of Constitutionality.*—If the language of the statute is fairly susceptible of two construc-

59

tions, under one of which it is valid and under the other invalid, the courts should adopt the construction which sustains its validity rather than the other, for there is always the presumption that the legislature intended to respect constitutional inhibitions and to pass a valid statute.

5. Agency—*Parties to Action—Action in Agent's Own Name.*—In the instant case, the action was brought in the name of the agent with whom and in whose name the contract in writing was made and who had an interest therein. While there can, of course, be only one satisfaction of the debt, it is clear that such an agent has the right to sue upon the contract in his own name.

Error to a judgment of the Circuit Court of Nelson county, in an action of assumpsit. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Caskie & Caskie,* for the plaintiff in error.

*S. B. Whitehead,* for the defendant in error.

Prentis, J., delivered the opinion of the court.

[1]    The main question here presented is identical with that determined by this court in the case of *Ward Lumber Co.* v. *Henderson-White Mfg. Co.,* 107 Va. 626, 59 S. E. 477, 17 L. R. A. (N. S.) 324; 13 Va. L. Reg. 866, note; that question being: Is section 3225 of the Code, so far as it authorizes the service of process on a domestic corporation which has no person in the county or corporation wherein the case is commenced on whom process can be served, by the publication of a copy of the process in a newspaper, violative of the fourteenth amendment of the United States Constitution and of section 11 of the Virginia Constitution, which prohibit the taking of property "without due process of law"?

In that case this court decided that the section does afford due process of law and is constitutional.

The learned counsel for the petitioner reopens the question and presents the contrary view with consummate ability and force. However much we are impressed thereby, we are not disposed to disapprove the former ruling, though its soundness is doubted by very high Virginia authority. Burks Pl. & Pr., 312.

One difference between this and the question to which most of the cases relied on to support this contrary view is, that here we are dealing with a domestic corporation, which received its charter from this State and is within its jurisdiction, whereas *Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. Ed. 565, and the multitude of cases following it, nearly all refer to foreign corporations or natural persons who are not within the jurisdiction of the State in which the action is brought. The underlying principle of these cases is that a statute can have no extra-territorial effect, and it is nowhere questioned that no personal judgment can be rendered against a foreign corporation or non-resident, proceeded against by order of publication, and that a court in such cases, can only subject the property within the jurisdiction of the State to the claim.

As Judge Cardwell points out in *Ward Lumber Co.* v *Henderson-White Mfg. Co.*, *supra,* this statute, section 3225, has been in force for a great many years. It had at that time never come under review in this court, but in the case of *Wytheville Ins. Co.* v. *Stultz*, 87 Va. 629, 13 S. E. 77, although the case was hotly contested, no doubt whatever was suggested and no question raised as to the validity of the statute, its constitutionality being assumed both by the court and counsel.

Dr. Lile, in his Notes on Corporations, p. 342, refers to and analyzes the statute, but does not question its constitutionality; and in a note said to have been written by that

great jurist, Judge Burks, the elder, in 2 Va. Law. Reg., at p. 545, the history of the statute is given; it is shown that in its present form it originated with the learned revisors of the Code of 1887 (of whom one was Judge Burks) ; and here again no question as to the constitutionality of the statute is intimated.

Judge Cardwell called attention to certain expressions of that great master of the law, Judge Cooley (Cooley's Const. Lim., 7th ed., p. 236), one of which is: "The courts cannot run a race of opinions of right reason and expediency with the law-making power." It is agreed that the courts cannot condemn any method of service which the legislature prescribes, if it appears reasonably probable that the method prescribed will give the defendant notice of the proceeding and afford him an opportunity to defend.

In the case of *Bicknell* v. *Herbert*, 20 Hawaii, 132, Ann. Cas. 1913 A, 1186, it is said: "Notice by publication is perhaps a method more often used as a substitute for personal service, but there is no distinction in principle between the one method and the other. Neither is based on the theory that it will necessarily give actual notice to the defendant, but merely that it will give such notice to himself or his agents, if he cares to take reasonable precautions for the protection of his property."

In a note to that case, Ann. Cas. 1913-A, at p. 1189, this is quoted from *Chatham* v. *Mansfield*, 1 Cal. App. 298, 82 Pac. 343: "Due notice to the defendant is essential to the jurisdiction of all courts, but such notice may be either actual or constructive in certain cases, as prescribed by the law pertaining to the forum in which such notice is given. If the legislature has prescribed a kind of notice by which it is reasonably probable that the party proceeded against will be apprised of what is going on against him, and an opportunity is given him to defend, and the notice is given as the law required, this will be held sufficient, and due process of law.

In Freeman on Judgments (4th ed.), sec. 127, p. 219, this is said: "Therefore, citizens and residents of a State may, if its laws so provide, be served with process by the publication thereof, or leaving it at their usual place of abode, or in such other mode as the legislature deems proper under the circumstances of the case, if it appears probable that it will advise them of the proceedings against them, and afford them an opportunity to defend."

[2-4]  In the case in judgment the plaintiff in the trial court could only sue the defendant either in the county of Nelson, in which the cause of action arose, in the city of Lynchburg, in which the principal office of the corporation was located, or in the county or city in which its chief officer resided.  It exercised its option to institute the action in the county of Nelson, but the original process of the Circuit Court of Nelson county could not be sent to the city of Lynchburg (Code, sec. 3220), so that although the Circuit Court of Nelson county had jurisdiction of the case, there was no other method provided by which the defendant could be brought into court except the method pursued. It should be noted that section 3225, in such cases, requires first an affidavit of the fact that there is no agent in the county or corporation wherein the case is commenced, and that there is no other person in that county or corporation on whom there can be service; and then, before there can be any lawful publication, the statute requires that there shall be an order entered in the case, either by the court or by the clerk of the court, directing the publication of process.  The jurisdiction to enter an order, thus conferred upon the court in which the case is pending, to direct the publication, by necessary implication imposes upon the judge or clerk the duty to enter such order as is appropriate in that particular case, which order should therefore properly designate the newspaper in which it is directed to be published.  If this be not the proper construction of the

statute, the requirement of a specific order is superfluous. Upon the filing of such an affidavit, the statute authorizes a publication, but the requirement of an order in the case as an additional prerequisite clearly confers upon the court or clerk the jurisdiction, and therefore the corresponding duty, to select the newspaper in which it shall be published. Thus construed, the statute does not authorize publication to be made at the option of the plaintiff "in any newspaper of the State," as is claimed, but only in such newspaper as may be directed by the judge or clerk in the order. There is a presumption that the impartial officials charged with this duty will require the publication to be made in such newspaper as is most likely to give notice to the defendant. Under a statute so safeguarded, the courts should not run a race of opinion with the legislature and say that it is not probable that such a publication will give sufficient notice. If the language of the statute is fairly susceptible of two constructions, under one of which it is valid and under the other invalid, the courts should adopt the construction which sustains its validity rather than the other, for there is always the presumption that the legislature intended to respect constitutional inhibitions and to pass a valid statute.

In the case of *Wytheville Ins. Co.* v. *Stultz, supra,* it does not appear that the defendant claimed that it did not have notice, and in the case in judgment the defendant in fact had ample notice, because it appeared at the very first rules to which the process was returnable and filed its plea to the jurisdiction of the court, so that, according to experience in these two cases, it appears that the defendants did receive the notice in due time and appeared and defended; and such notice and opportunity constitute the essential characteristics and only requisites of due process of law as used in this connection.

In *Nelson* v. *Chicago, etc., R. Co.,* 225 Ill. 197, 80 N. E.

109, 8 L. R. A. (N. S.) 1186, 116, Am. St. Rep. 133, it is held that publication of process and mailing a copy thereof is due process of law, following the former decision of *Bickerdike* v. *Allen*, 157 Ill. 95, 41 N. E. 740; 29 L. R. A. 782; and the case of *Clearwater Mercantile Co.* v. *Roberts, etc., Shoe Co.*, 51 Fla. 176, 40 So. 436, 4 L. R. A. (N. S.) 117, 120 Am. St. Rep. 153, holds a statute giving notice to domestic corporations by publication in a newspaper in the county in which the action is instituted to be due process of law under the Florida statute. *Hinckley* v. *Kettle River etc.*, 70 Minn. 105, 72 N. W. 835, holds that a statute authorizing the service of process on a State official, if there be no officer of a domestic corporation in the State, and by mailing a copy to the corporation, affords due process and is valid. Note, 50 L. R. A. 585.

While the question is a close one, and there is room for a fair difference of opinion, we decline to overrule *Ward L. Co.* v. *Henderson-White Mfg. Co., supra.* The question will soon be removed from the forum of debate by a wise provision of the new Code, which becomes effective January 13, 1920, because section 6063 (Report of Revisors, p. 2013) omits the clauses of section 3225 here involved and provides that whether there be an agent in the city or county in which the suit, action or proceeding is commenced or not, process may be sent to the county or city in which is located the principal office of a domestic corporation and there be served on any officer or agent of such company found at such office.

The defendant demurred to the evidence in the trial court, and its demurrer was overruled. We think that the demurrer raises no new question and none that requires any discussion. The action was brought in the name of the agent with whom and in whose name the contract in writing was made, and who had an interest therein. While there can, of course, be only one satisfaction of the debt, it is. clear that such an agent has the right to sue upon the con-

tract in his own name.  *Hartshorne* v. *Whittles,* 3 Munf. (17 Va.) 357; 31 Cyc. 1564, 1619 and 1621, and cases cited; *Leterman* v. *Charlottesville L. Co.,* 110 Va. 772, 67 S. E. 281; *Deitz* v. *Prov. Wash. Ins.,* 31 W. Va. 851, 8 S. E. 616, 13 Am. St. Rep. 909.

*Affirmed.*

BURKS, J., dissenting.