## CONSTRUCTIVE SERVICE ON DOMESTIC CORPORATIONS.

Superior Court of Cincinnati.

HERMAN W. SANTEN, ET AL. *vs.* THE UNITED STATES SHOE COMPANY ET AL.

Decided, December 9, 1924.

*Service of Summons—Domestic Corporations Subject to Conditions Prescribed by State Law—Acceptance of a State Charter Implies Consent to Service by Publication—Where the Defendant Company can not be Reached in Any Other Manner—Constitutional Law.*

The provision of paragraph 8, of Section 11292, General Code, for service of summons by publication "in an action against a corporation organized under the laws of this state, which has failed to elect officers or appoint an agent upon whom service of summons can be made, and which has no place of doing business in this state," is a constitutional enactment, and constructive service in accordance therewith without any seizure of property is sufficient to support a judgment *in personam.*

*Dolle, Taylor, O'Donnell, Geisler & Ellis,* and *Albert D. Cash,* for plaintiff.

*Stricker & Johnson* and *Simeon M. Johnson,* for defendant Lewis S. Rosenstiel.

MARX, J.

The question before the Court arises upon the motion of one of the defendants, namely, The Lewis S. Rosenstiel Company, an Ohio corporation, to quash the service made upon said company by publication.

The facts are as follows: The plaintiff in his petition, filed May 2nd, 1924, alleges that said defendant is a corporation organized and existing under Ohio laws and prays for equitable relief in the nature of a recission and an accounting and for a money judgment in such amount as the court may determine after an accounting. On August 1st, 1924, plaintiff filed an affidavit alleging that service of summons cannot be made within this state on said defendant; that said defendant is an Ohio corporation, and has failed to appoint

an agent upon whom service of summons can be made, and has no place of doing business in this state.  On October 10, 1924, plaintiff filed an affidavit in proof of publication from which it appears that an advertisement containing the caption of the case, notice of the suit, a copy of the prayer, and fixing the answer date, was published in the *Court Index,* a newspaper printed and of general circulation in this county, once a week for six consecutive weeks, commencing on the 28th day of August, 1924, and that each insertion was made upon the same day of each week.

The grounds upon which the defendant seeks to set aside this service by publication are:

(1)   That there is no authority of law for making such service by publication.

(2)   That said publication was not made in a newspaper printed in the county where the petition was filed; and

(3)   That said publication was not made in the manner directed by law.

Upon the hearing of the motion, it was agreed by counsel that the *Court Index* was a proper newspaper in which to publish notices for service by publication, and the Court so finds.

It is also agreed that Paragraph 8, of Section 11292 of the General Code of Ohio purports to authorize service by publication upon a domestic corporation and provides as follows:

"Service may be made by publication in *any* of the following cases:      *      *      *

8.   In an action against a corporation organized under the laws of this state, which has failed to elect officers or to appoint an agent upon whom service of summons can be made, and which has no place of doing business in this state;      *      *      *

The main question to be determined is whether such statute in so far as it purports to authorize a valid personal judgment, based upon service by publication against a domestic corporation, is a constitutional enactment.   The defendant

asserts that it is not, and since the question is new in this state and the authorities elsewhere are not entirely harmon ious, the Court has gone into the matter with some care.

Service of process is the giving of such actual or construc tive notice to a defendant as makes him a party to the proceeding and gives the Court jurisdiction over his person or property, but the directions of the statute as to service must be obeyed. There are two general methods of making service— actual and constructive. Personal service is actual service. Service by publication is constructive service. There is no personal service in the present case. The sole service upon the defendant is by publication.

Since *Pennoyer* v. *Neff,* 95 U. S., 714, there is no longer any doubt that jurisdiction to render a personal judgment against a *non-resident* defendant, whether corporate or individual, can not be obtained by a mere publication of sum mons. Following a long line of similar authorities, this Court recently set aside the service of summons upon the managing agent in this state of a non-resident partnership. *Smith* v. *Pinkerton Detective Agency, post,* affirmed in Court of Appeals of Hamilton county, March 10, 1924.

However, in the case at bar, a judgment *in personam* is sought against a *resident* corporation and Justice Field in *Pennoyer* v. *Neff, supra,* is careful to distinguish between the law applicable to a non-resident and to a resident. He said at *page* 734:

"To prevent any misapplication of the views expressed in this opinion * * *. The jurisdiction which every state possesses to determine the civil status and capacities of all its inhabitants involves authority to prescribe the conditions on which proceedings affecting them may be commenced and carried on within its territory."

And again, at page 736, Justice Field says:

"Nor do we doubt that a state, on creating corporations or other institutions for pecuniary or charitable purposes, may provide a mode in which their conduct may be investigated, their obligations enforced, or their charters revoked, which shall require other than personal service upon

their officers or members. Parties becoming members of such corporations or institutions would hold their interest subject to the conditions prescribed by law.''

Our own Supreme Court has recognized this same distinction in *Moore* v. *Parsons*, 98 O. S., 233, in which it is said at page 238 concerning service by publication upon a resident of Ohio:

''It is well settled that it is competent for each state to prescribe the mode of bringing parties before its courts, and that the legislature may prescribe such modes of judicial procedure as it may deem proper, and also direct the manner of service of process, and may declare also the effect of a judgment rendered in pursuance of such notice. Judgments rendered upon constructive service in accordance with the requirements of the statute are conclusive upon the parties until set aside by some direct proceeding for that purpose. It is true that strict compliance must be had with the pro visions of statute authorizing other than personal service, and such must affirmatively appear.''

The earlier decision in *Oil Well Supply Co.* v. *Koen et al.*, 64 O. S., 422, holding that our statutes cannot be constitutionally construed to authorize a personal judgment against a defendant served only by publication is specifically limited to *non-residents*.

If this constitutional difference between the power of the state with respect to its own citizens and the citizens and residents of other jurisdictions is continuously kept in mind, much of the apparent conflict and confusion among the authorities disappears. Regardless of what power the state may possess with respect to non-resident, non-citizen and non-subject persons or corporations, it is well settled, as our Supreme Court has so recently determined, that it is compe- tent for the state to prescribe the manner of bringing its own citizens and residents before its own courts provided they are granted ''due process of law'' in accordance with the Constitution of the United States.

In accordance with this power, the state of Ohio has enacted *Section* 11292, paragraph 8 of the General Code, which

permits service by publication upon domestic corporations which have failed to elect officers· or to appoint an agent upon whom service of summons can Le made and have no place of doing business in this state. Except for this pro· vision, Ohio would be powerless to obtain jurisdiction over her own corporations which have no place of doing business in this state and have not appointed an agent upon whom service of summons can be made.

No question is made that this statute authorizes service by publication in the present case, unless it conflicts with the Constitution of the United States which guarantees due process of law. It cannot be denied that the method and manner provided by the stattute for service by publication is reasonably calculated to apprise the defendant of the pendency of an action against him. ,

In the present case, the defendant actually has notice and is represented in court by its attorneys. In this respect, the case stands upon a different footing from judgments rendered by default, in which the defendant had in fact no notice of the pendency of the action until after the rendition of judgment. However, the principle which warrants a state in providing for service by publication upon its own residents is not necessarily affected by the question of actual notice and we, therefore, proceed to examine the authorities in this connection.

The cases upon this point are carefully collected and analyzed in a series of notes in Lawyers Reports Annotated. 50 L. R. A., 577, at page 585 *et seq;* 4 L. R. A., (N. S.), 117; 8 L. R. A., (N. S.), 1187; 17 L. R. A., (N. S.), 324; 35 L. R. A., (N. S.), 292, at page 295 *et seq.*

The authorities cited in these notes are all to the effect that a state may authorize service by publication in an action in *personam* against an individual *resident* of the state who cannot be found within the state or who is, in fact, absent therefrom.

Among the numerous authorities to this effect are: *Ouseley* v. *Lehigh Valley Trust & Safe-Deposit Co.,* 84 Fed. Rep., 602,

in which a resident of Canada recovered a judgment against another resident of Canada based upon constructive service Judge Dallas sustained the judgment and quoted with approval the following language from *Schisby* v. *Westenholz*, L. R., 6 Q. B., 155:

"If the defendants had been, at the time of the judgment, subjects of the country whose judgment is sought to be enforced against them, we think that its laws would have bound them."

In *Thouvenin* v. *Mariano Rodrigues*, 24 Texas, 468: the court sustained a personal judgment based upon constructive service against a resident of Texas and said:

"*It is competent for each state to prescribe the mode of bringing parties before its courts. Although its regulations in this respect can have no extra-territorial operation, they are, nevertheless, binding on its own citizens.*"

To the same effect are: *Sturgis* v. *Fay*, 16 Indiana, 429; *Beard et al.* v. *Beard*, 21 Indiana, 321; *Harryman & Schryver* v. *Roberts*, 52 Maryland, 64; *Bickerdike* v. *Allen*, 157 Ill., 95; *Continental Nat. Bk.* v. *Thurber*, 26 N. Y. Sup., 956, affirmed in 143 New York, 648.

If service of summons by publication upon an individual resident of a state during his absence from the state is valid, it necessarily follows that service by publication upon a domestic corporation which, in legal contemplation cannot be absent from a state, is equally valid.

In *Germania Fire Ins. Co.* v. *Francis*, 11 Wallace, 210, the Court says with reference to a New York corporation alleged to be located in Mississippi and doing business there:

"This, in legal effect, is an averment that the defendant was a citizen of New York, because a corporation can have no legal existence outside of the sovereignty by which it was created. (*Ohio Mississippi R. R. Co.* v. *Wheeler*, 1 Black, 286, 17 L. Ed., 130; *Louisville R. R. Co.* v. *Lotson*, 2 How., 497, 11 L. Ed., 353.) Its place of residence is there, and can be no where else. Unlike a natural person, it cannot change its domicile at will, and, although it may be permitted to transact

business where its charter does not operate, it cannot on that account acquire a residence there."

The overwhelming weight of authority supports the validity of statutes similar to the Ohio law providing for service by publication upon domestic corporations. The question was directly involved in the case of *Town of Hinckley* v. *Kettle River R. R. Co.*, 70 Minn., 105, in which a money judgment was obtained by default after service of summons by publication under Section 5203 of the Minnesota laws which provides that:

"Whenever any corporation created by the laws of this state does not have an officer in this state upon whom legal service of process can be made   *   *   *   service may be made upon such corporation by depositing a copy of the summons   *   *   *   in the office of the Secretary of State   *   *   *"

In upholding the validity of such service, the court said at page 110:

"There is no class of cases where there is greater necessity for, or propriety in, providing for some substitute for service in person, than where domestic corporations have no officers who can be found in the state upon whom to make service of process;"

This decision was reviewed and adhered to ten volumns later in another phase of the same case in 80 Minn., 32.

The case of *Clearwater Mercantile Co.* v. *Roberts, Johnson & Rand Shoe Co.*, (51 Florida 176, 40 Sou., 436), 4 L. R. A., (N. S.), 117, is directly in point. The Florida statute is almost identical with the Ohio statute. Service was had by publication and it was claimed that the statute was unconstitutional. The court said at page 119:

"To say in the instant case that no property of the corporation may be found within the state upon which an execution may attach means only that the judgment may be futile, not that it is void, and the statute confers upon the creditor the privilege of accepting that chance as to a domestic corporation, which can hold property only by the will of the state."

In *Ward Lumber Co.* v. *Henderson-White Mfg. Co.*, (107 Va., 626; 59 S. E., 476); 17 L. R. A., (N. S.), 324, the Virginia statute was similar to the Ohio statute. The defendant, a domestic corporation, was served by publication pursuant to the statute and a personal judgment obtained against him. The court, in concluding its opinion says:

"Constructive service of a summons or a notice, as author- ized by the statutes, has over and over been recognized as a valid service and a reasonable exercise of legislative authority; and we can see no reason why the mode of service provided in Section 3225, which was strictly followed in this case, should be regarded as either lacking "due process of law" or the reasonable exercise of legislative authority."

The decision in the above case was again reviewed by the Supreme Court of Virginia in *A. S. White & Co.* v. *Jordan*, 98 S. E., 24, and its previous ruling approved. The court distinguishes apparently contrary cases as follows:

"One difference between this, and the question to which most of the cases relied on to support this contrary view is, that here we are dealing with a domestic corporation, which received its charter from this state and is within its jurisdic- tion, whereas, *Pennoyer* v. *Neff*, 95 U. S., 714, 24 L. Ed., 565, and the multitude of cases following it, nearly all refer to foreign corporations or natural persons who are not within the jurisdiction of the state in which the action is brought."

In a recent California case, a similar conclusion was reached. *McKendrick et al.* v. *Western Zinc Mining Co.*, 165 Cal., 24, 130 Pacific, 865. In this case the Mining Company was a domestic corporation. Constructive service of summons was made under an affidavit to the effect that there was no officer or agent within the state of California. The court, after deciding that the statute authorized service by publica- tion, held that a domestic corporation has a legal residence in the state and that,

"provisions prescribing the process and mode of service upon persons who cannot be personally reached should receive a most liberal construction to avoid the conclusion that there

is no statutory provision made for any process at all upon any given class of persons who are otherwise subject to the jurisdiction of the court.''

The service was sustained.

In another recent case, a similar question was considered by the Court of Appeals of the 4th Circuit in *Wylie Permanent Camping Co.* v. *Lynch,* 195 Fed. Rep., 385. Writ of Certiorari denied in 225 U. S., 707. The Wylie Camping Company was a West Virginia corporation operating stage coaches in Yellow Stone Park. The plaintiff was a resident of Ohio and was injured in Yellow Stone National Park. She sued in West Virginia and service was made upon the state auditor, who was designated by law as the agent upon whom service should be made in case the corporation was not otherwise present. The validity of this statute was sustained by the Suprtme Court of the United States in 203 U. S., 183.

The validity of the service was sustained by the Court of Appeals upon the following reasoning:

''The defendant company accepted the charter which was granted to it by the state, and the provisions of this act became as much a part of the same as if it had been written into or incorporated as a part of the charter.''

In the present case, the defendant Company when it accepted its charter from the state of Ohio, was subject to the laws of the State of Ohio including the laws providing for constructive service in case it had no place of business in the state and did not appoint an agent to accept service of summons. In this respect, it is as if the defendant company had consented to the service of summons in accordance with the law as it stood at the time it accepted its charter.

In *Nelson* v. *Chicago, Burlington & Quincy R. R. Co.,* 225 Ill., 197, 80 N. E., 109, 8 L. R. A., (N. S.), 1186; service of summons was had upon the railroad by publication. This service was attacked and the court after reviewing a great number of cases reached the following conclusion:

"While the authorities are not in entire harmony upon the subject, the Illinois cases and the greater weight of authority clearly establish, we think, the proposition that a personal judgment in an action at law may be rendered against a defendant residing in and who is in the state where the suit or proceeding is pending, who has been notified of the pendency of the suit by constructive service of process, where it appears actual service of process could not be had upon the defendant, if the constructive service provided for was required to be had in such manner that the reasonable probabilities were that the defendant would receive notice of the pending action or proceeding before judgment or decree was rendered against him."

In this review of the cases upon the point before the court, we have not overlooked certain contrary decisions. The one most pressed on our attention is *Bernhardt* v. *Brown*, 118 N. Car., 700, in which the court held that:

"Unless the statute contained a provision for attachment of property, service by publication was not authorized."

This conclusion seems inconsistent with the reasoning of the court, in which it is said at page 708:

"* * * Certainly, it is competent for the legislature to provide that as to a corporation created by it, if no officer or agent of such corporation can be found in the state, then service can be had by publication, otherwise creditors would have no redress if a domestic corporation should keep the names of its officers concealed or should elect officers living outside of the state. It might, as in this case, on large bodies of land, their creditors would be powerless to secure service of process *and even stockholders could not begin proceedings in a proper case for the appointment of a receiver.*"

We agree with the criticism of the case by the annotator in 50 L. R. A., 577, at page 586, when he says:

"If, as seems to be the fact, the court intends to deny, on constitutional grounds, the right of the legislature under any circumstances to prescribe constructive or substituted service upon a resident in an action *in personam*, the case is opposed to the great weight of authority, and ignores a distinction, with respect to residents and nonresidents, which is well supported both by principle and authority."

The North Carolina decision also receives some support from *Raher* v. *Raher*, (Iowa) 129 N. W., 35 L. R. A., (N. S.), 292 and from *Smith* v. *Grady*, 68 Wis., 215, 31 N. W., 477; and *Pinney* v. *Provident Loan & Investment Co.*, 106 Wis., 396, 50 L. R. A., 577, although a careful reading of these cases will readily suggest distinctions between them and the case at bar.

The conclusion of the court is that the act of the legislature specifically providing for service of summons by publication upon a domestic corporation is clearly within the power of the Legislature and is not struck down by any provision of the state or federal constitution. Otherwise, the State would be in the anomalous position of being unable to secure jurisdiction over corporations, (1) *created* by it; (2) *subject* to its laws; and (3) legally *resident* within the state, in cases where personal service cannot be obtained upon such corporations.

It was also urged in argument that the affidavit for constructive service was defective because it did not allege that the defendant company had failed to elect officers in addition to having failed to appoint an agent to accept service of summons. The statute is in the alternative and provides that service may be made by publication when a domestic corporation has failed to elect officers *"or appoint an agent etc."*

We would not be warranted in changing the word *"or"* to *"and"* in construing this statute.

It follows that the motion to quash must be overruled.